H. B. SMITZ, *Appellant*, v. DANIEL E. WRIGHT AND MINNE E. WRIGHT, HIS WIFE, AND JOHN B. WRIGHT AND BELLE L. WRIGHT, HIS WIFE, *Appellees.*

1. At common law a mere contract made by a married woman for the conveyance of real estate, could not be specifically enforced for the reason that such contracts of a married woman are void.

2. Where a litigated right depends upon action taken under a statute, a compliance with the statute should be shown.

3. A bill for the specific performance of a contract to convey lands by married women should allege the execution and acknowledgement of the contract by the married women as required by the statute.

Appealed from the Circuit Court for Pinellas County.

The facts in the case are stated in the opinion of the court.

*Herman Merrell,* for Appellant;

*C. C. Whitaker,* for Appellees.

WHITFIELD, C. J.—The appellant brought a bill in equity against the appellees to enforce the specific performance of a contract for the conveyance of real estate. A demurrer interposed by the two married women was sustained, and Smitz appealed.

At common law a mere contract made by a married woman for the conveyance of real estate, could not be specifically enforced for the reason that such contracts of a married woman are void.

Section 2594 of the General Statutes provides that "Coverture shall not prevent a decree against husband and wife to specifically perform their written agreement to sell or convey the separate property of the wife, or to relinquish her right of dower in the property of the husband, but no agreement for the sale or conveyance of her real property or for relinquishment of dower, shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower."

The general rule announced in Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243, that where a bill for specific performance sets out the contract for the sale of the lands in general terms, the presumption of law in that it is a legal and valid contract and is in writing and signed by the party to be charged therewith, is inapplicable to cases similar in essential facts to that one. General words used in a judicial opinion should be construed with such limitations as are required by a reference to the facts in the case. Where a person is competent to contract generally, as was the adult man defendant in the Maloy-Boyett case, it may not be necessary to show power to make the contract sought to be enforced. But where persons who are not competent to contract generally, such as married women and infants, a binding contract by

them will not by presumed, but should be sufficiently alleged and proven. Where a statute requires the execution and acknowledgment of a contract to convey real estate before it can be specifically enforced, a due execution and acknowledgment should be alleged whree specific performance is sought in equity. Where a litigated right depends upon action taken under a statute, a compliance with the statute should be shown. See Symmes v. Prairie Pebble Phosphate Co., decided this term.

There is no allegation in the bill of complaint that the contract sought to be specifically enforced was by either of the married women "executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower" as expressly required by the statute. It is not even alleged that either of the married women made a contract express or implied to convey. See Rose v. Henderson, 63 Fla. 564, 59 South. Rep. 138.

The order sustaining the demurrer of the two married women to the bill of complaint is affirmed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., not participating.