SUMTER COUNTY STATE BANK, *Plaintiff in Error,* v. R. S. HAYS AND R. M. HAYS, *Defendants in Error.*

Opinion Filed December 9, 1914.

1.  Where an endorsee takes a negotiable note with knowledge of an executory contract that is the sole consideration for the note, such endorsee is not a holder in due course without "notice of any infirmity in the instrument or defects in the title" thereof within the meaning of the negotiable instrument statute, even though the endorsee did not know of the subsequent breach of the contract.

2.  Where an executory contract is the sole consideration for a negotiable note, the contract and its breach may be shown in defense of an action on the note by a holder who took with knowledge of the contract.

Writ of error to Circuit Court for Sumter County; W. S. Bullock, Judge.

Judgment affirmed.

*McMullen & McMullen,* for Plaintiff in Error;

*Hocker & Martin,* for Defendants in Error.

WHITFIELD, J.—The bank brought an action on a promissory note for $500.00 made and endorsed by R. S. Hays and R. M. Hays to the Florida Consolidated Canning Company who endorsed the note to plaintiff bank. The pleas were (1) that the defendants did not execute and deliver the note; (2) that the note was given for stock subscribed for and to be issued by a corporation thereafter to be organized as the Consolidated Canning Company, the condition being that a canning plant of a stated capacity per day be built and equipped at Webster, Florida, within a time limit; that the company be organized within three months from a stated day, and that in the event said company should not be organized within such time, said subscriptions to stock were to be cancelled; that "thereupon defendants, upon the sole consideration" of the premises made and delivered the note; "that at the time of the endorsement and delivery of said note to the plaintiff, it had actual notice of the conditions upon which the said note was made, and that the conditions were broken, and the plaintiff is not a holder in due course, and the consideration for the note has wholly failed." It is not necessary to set out other pleas seeking to raise somewhat similar issues. Demurrers to all the pleas except the first were overruled. A replication to the second plea alleges that the plaintiff purchased the note immediately after the execution thereof, and long prior to its maturity, in good faith and in the usual course of business, for full value, and the plaintiff had no notice or knowledge of any breach of the executory contract which was the consideration for which the note was given. A de-

murrer to the replication was sustained. The plaintiff declining to further plead, judgment for defendants was rendered, and the plaintiff took writ of error.

As the replication does not deny the plaintiff's knowledge of the executory contract which was the sole consideration for the note, and only alleges that "the plaintiff had no notice or knowledge of *any breach* of the executory contract which was the consideration for which said note was given," the implied admission of knowledge of the executory contract and its conditions as constituting the sole consideration for the note, renders the plaintiffs not a holder in due course without "notice of any infirmity in the instrument or defects in the title of" the canning company or those who assumed to act for it in transferring the note to the plaintiff. See Secs. 2962, 2985, 2988, Gen. Stats. of 1906.

The contract referred to in the pleas has reference solely to the consideration for and the validity of the note, and its introduction is not for the purpose of varying the terms of the note. See 17 Cyc. 655; Dicken v. Morgan, 54 Iowa 684, 7 N. W. Rep. 145; Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. Rep. 816.

The replication alleges that the plaintiff purchased the note immediately after it was executed. This, of course, was before the breach of the condition of the executory contract, which contract was the sole consideration for the note. As the plaintiff bank knew the contract was the consideration for the note, and that a breach of the condition of the contract would affect the consideration for the note, the bank took no better title than its endorser, the canning company, had. This being so, the note taken by the bank with knowledge of the contract, is affected by the failure of consideration caused by a breach of the contract after the bank took the note, since a breach

of the contract was one of the contingencies affecting the consideration for the note. Not being a holder in due course within the meaning of the statute, the plaintiff cannot enforce the payment of the note against the averments of the pleas.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.