**PRODUCERS' NAT. BANK et al. v. ELROD.**

No. 8479—Opinion Filed June 11, 1918.

(173 Pac. 659.)

(Syllabus.)

**Bills and Notes — Consideration—Knowledge of Transferee—Recovery.**

Where the consideration for a negotiable promissory note is an executory contract to deliver certificates of stock in a corporation then being organized, knowledge of the transaction by the purchaser of such note in due course before maturity for value will not prevent a recovery by him, in case of a subsequent breach of the agreement by reason of failure and inability to deliver the certificate of stock.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by the Producers' National Bank and M. R. Garnett as its liquidating trustee, against Geo. A. Elrod. Verdict and judgment for defendant, motion for new trial overruled, and plaintiffs bring error. Reversed, and cause remanded.

Glass & Weaver, for plaintiffs in error.

Schwabe & Raymond, for defendant in error.

MILEY, J. This action was commenced by plaintiffs in error as plaintiffs below, to recover of defendant in error, defendant below, the amount due upon a certain negotiable promissory note executed and delivered by defendant to the Perfection Tube Sales Company, and by it indorsed and delivered to plaintiff bank for value before maturity. Defendant denied that the bank became the holder of the note sued on for value, and in due course of business, before the maturity thereof, and further alleged:

"That said note just referred to was executed by defendant and delivered to F. B. Reynolds and A. J. Reynolds, cashier and assistant cashier, respectively, of the Producers' National Bank, one of the plaintiffs herein, upon the express condition, promise, and agreement that said note was not to become effective, and was not to become a binding obligation on the part of the defendant, until the delivery of the said F. B. Reynolds and A. J. Reynolds, as officers and agents of said Perfection Tube Sales Company, of certificates of stock in said Perfection Tube Sales Company, in the amount and of the value of $1,000; that said certificates of shares for which said note was executed by defendant were never delivered to defendant, and defendant has never received any consideration whatever for the execution of said note."

There was trial to a jury, verdict for defendant, and judgment thereon. Motion for new trial being overruled, plaintiff has appealed. Of the numerous assignments of error it is necessary to consider only one. We think the motion of plaintiffs for a peremptory instruction should have been sustained. The execution and delivery of the note was admitted. It was indorsed and delivered by the payee to the bank the day following its execution, long before maturity, the bank paying full value therefor. The note was given by the maker in payment for a subscription in the amount of the principal to the capital stock of the payee then being organized. F. B. Reynolds and A. J. Reynolds, the cashier and assistant cashier, respectively, of the bank, were also agents of the tube company, and solicited the sub-

scription and received the note. The certificate for the shares of stock, though demanded, was never delivered, and at the time of trial the company was insolvent. There was no evidence to support the allegation of the answer of an agreement that the note was not to become effective and a binding obligation of the defendant until the delivery of certificate of stock. On the contrary, the evidence conclusively establishes that it was understood by both the maker and payee that it would be immediately negotiated. From the nature of the transaction, an agreement to deliver to the maker a certificate of stock will, of course, be implied. Assuming that the evidence is sufficient to defeat recovery by the payee, is it sufficient to defeat recovery by the indorsee? In considering the question, we will assume that the bank was chargeable with the knowledge of the transaction had by its cashier and assistant cashier. The knowledge which the bank thus had was that the note was given in consideration of an executory agreement of the payee to deliver certificate of stock to the maker. There had been no breach of his agreement at the time the note was negotiated, though subsequently demand was made for the certificate, which was not complied with by the payee, and it is now impossible for it to do so.

The authorities seem to be in accord on the proposition that failure of consideration after a bona fide transfer does not affect the character of the purchaser, although he had full knowledge of the original consideration for which the note was given. Wilensky v. Morrison, 122 Ga. 664, 50 S. E. 472; Black v. Westminster Bank, 96 Md. 399, 54 Atl. 88; Jennings v. Todd, 118 Mo. 296, 24 S. W. 148, 40 Am. St. Rep. 373; Neb. Natl. Bank v. Pennock, 55 Neb. 188, 75 N. W. 554; Davis v. McCready, 17 N. Y. 230, 72 Am. Dec. 461; McSpedon v. Troy City Bank, 41 N. Y. 35; Maas v. Chatfield, 90 N. Y. 303; U. S. Natl. Bank v. Floss, 38 Or. 68, 62 Pac. 751, 84 Am. St. Rep. 752; Bank v. Penland, 101 Tenn. 445, 47 S. W. 693. The rule is thus stated in U. S. Natl. Bank v. Floss, supra:

"The breach of an executory contract which forms the consideration for a negotiable * * * note is not * * * a defense in whole or in part against an indorsee, who took the note for value before maturity, even if he had notice of the contract, unless he was also informed of the breach before its purchase."

The reason upon which the rule rests is stated by Judge Denio in Davis v. McCready, supra. In that case, the consideration for the acceptance of a bill of exchange was the sale of a brig, accompanied by an agreement of the vendor to make repairs necessary to render her seaworthy. The defense in an action by an indorsee of the bill was that this agreement had not been performed. The court said:

"The plaintiffs were not bound to follow up the transactions between the original parties to the bill. To hold otherwise would attach an inconvenient and repugnant condition to such an acceptance. By accepting simply and unconditionally a negotiable bill, the defendants are to be held as intending to give it all the qualities of commercial paper, one of which is that it shall circulate freely for the purposes of business, and be available in the hands of any holder for value. To decide that one who proposed to purchase it, and who had a knowledge of the nature of the transaction upon which it was given, must await the consummation of that transaction would essentially impair its character and legal effect."

In Jennings v. Todd, supra, the Supreme Court of Missouri said:

"We think, however, that no well-considered case can be found in which a collateral contemporaneous agreement, providing that the note should not be paid in the event that an executory contract, which was the consideration of the note, should not be performed, has been allowed to defeat the negotiability of the note in the hands of an indorsee, though he had notice of such agreement. A great part of the improvement of the country, and of business generally, is carried on with money raised by the discount of notes given upon executory contract, and if the maker could be allowed to defend against such notes, in case of a breach of contract, on the ground that the indorsee, though in other respects bona fide, had knowledge of the transaction out of which the note grew, all confidence in such notes as negotiable paper would be destroyed; and such business would be paralyzed. By making and delivering a negotiable note, the maker is held to intend that it may be put in circulation, and that no defenses against it exist. In purchasing such note no inquiry as to the consideration is required. If a failure of consideration occur, the maker must look to the payee for indemnity."

The judgment is accordingly reversed and the cause remanded.

SHARP, C. J., and KANE, HARDY, and RAINEY, JJ., concur. TURNER, OWEN, BRETT, and TISINGER, JJ., not participating.