### CLARK et al. v. ANDREW et al.

(District Court, S. D. Florida. March 16, 1925.)

No. 154.

**I. Specific performance ⟨⟩6—Specific performance will not be enforced where demandant is married woman against whom specific performance cannot be enforced.**

Where party seeking specific performance of contract to sell land is a married woman against whom specific performance could not be enforced, specific performance in her behalf will not be enforced for lack of mutuality of remedy.

**2. Specific performance ⟨⟩6—Assignment of contract by married woman unable to specifically enforce it because of want of mutuality held not to supply mutuality.**

That married woman, unable to enforce specific performance of contract for purchase of land because of lack of mutuality of remedy, together with her husband made assignment of her contract and made assignee party complainant, *held* not to add to such contract mutuality such that it could be specifically enforced.

**3. Courts ⟨⟩347, 352—Amendment of pleading for recovery of damages held not warranted in action where specific performance denied for want of mutuality of contract.**

Where promise to sell land was void because given in consideration of unenforceable promise of married woman to purchase, *held*, in action by married woman to enforce specific performance, on denial of such relief for want of mutuality of remedy, she was not entitled under Judicial Code § 274a (Comp. St. § 1251a), and Equity Rule No. 22, to an amendment of petition and transfer to law side of court for recovery of damages.

In Equity. Suit by Ruth S. Clark, joined by her husband, E. W. Clark, and W. B. Shelby Crichlow, against Mary B. Andrew and Ellen B. Andrew. On motion to dismiss bill. Motion granted.

W. B. Shelby Crichlow and Frederick T. Saussy, both Bradenton, Fla., for complainants.

T. M. Shackleford, Jr., of Tampa, Fla., for defendants.

JONES, District Judge. The complainant Ruth S. Clark, joined by her husband, exhibited her bill of complaint in the circuit court for the Eighteenth judicial circuit of the state of Florida, in and for Manatee county, against Mary B. Andrew and Ellen B. Andrew, praying specific performance of a contract of sale of certain real estate in Manatee county, Fla. The defendants removed the case to this court, and subsequently an amended bill was filed in this court, in which amended bill W. B. Shelby Crichlow appears as an additional complainant. The defendants have filed a motion to dismiss the bill, and the case is before me upon this motion.

The motion to dismiss contains a number of grounds, of which it will only be necessary to consider three, which are as follows:

(10) The amended bill of complaint shows that there was no mutual contract entered into between sellers and purchaser.

(11) The amended bill of complaint shows that there was no mutuality of remedy between sellers and purchaser.

(12) The amended bill of complaint shows the purchaser was and is a married woman and sellers could not have specific performance against her.

The contract upon which the bill of complaint is based consists of a letter from Mary B. Andrew, one of the defendants, to Ruth S. Clark, one of the complainants, in which an offer is made by the writer to the addressee to sell the property described in the bill of complaint for $14,500, one-half down, the rest in one and two year payments, and a telegram from Mrs. Clark, addressed to the said Mary B. Andrew, accepting the said offer and requesting that an abstract be forwarded for examination and stating, "Am ready to make full payment as soon as title and deeds can be approved."

The bill of complaint shows on its face that complainant Ruth S. Clark is a married woman, and was a married woman at the time of the offer and acceptance hereinabove referred to.

[1] The contract in question was not based upon any money consideration, but upon the mutual promises of the parties thereto. The party seeking to enforce the specific performance of this contract is a married woman, and the defendants ask the dismissal of

the bill upon the ground that there was lack of mutuality of remedy, in that, the party seeking to enforce specific performance of the contract being a married woman, specific performance could not be decreed as against her, and therefore a court of equity will not enforce specific performance against the other party. I think this proposition is sound and well established, not only in the courts of the state of Florida, but in the federal courts. Fry v. Hawley, 4 Fla. 258; Lewis v. Yale, 4 Fla. 418; Smitz v. Wright, 64 Fla. 485, 60 So. 225; Gautier v. Bradway, 87 Fla. 193, 99 So. 879; Marble Company v. Ripley, 77 U. S. (10 Wall.) 339, 19 L. Ed. 955; Shubert v. Woodward, 167 F. 47, 92 C. C. A. 509; Winston v. Brown, 247 F. 948, 160 C. C. A. 138. Hutchinson Gas & Fuel Company v. Wichita Natural Gas Co. (C. C. A.) 267 F. 35; Miami Coca Cola Bottling Company v. Orange Crush Co. (C. C. A.) 296 F. 693.

In the case of Gautier v. Bradway, supra, a case almost identical with the case before me, the Supreme Court of Florida held:

"An executory contract, containing mutual agreements, which cannot be enforced against one of the parties because of infancy, coverture, or other disability, will not be enforced against the other party.

"When married women under coverture and infants have not the capacity to bind themselves to the performance of an executory contract, parties assuming to contract with them are not in equity bound to perform the contract on their part.

"Mutuality of terms and considerations must exist between the parties before specific performance will be decreed."

In the case of Marble Company v. Ripley, supra, Mr. Justice Strong states the rule as follows:

"Specific performance of a contract will not be decreed * * * where there is a want of mutuality in the contract. * * *

"It is a general principle that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other. * * * * "

The Circuit Court of Appeals for the Fifth Circuit, following Marble Company v. Ripley, supra, lays down the rule as follows: "The duty of specific performance, which courts of equity enforce, is a reciprocal one. The maxim, 'He who seeks equity must do equity,' is peculiarly applicable where one party to a contract asks that another party thereto be coerced to perform specifically. The general rule is to refuse such relief in favor of a party against whom the specific performance of his obligations under the contract is, for any cause, impossible." Winston v. Brown, supra.

The foregoing cases establish the general rule that specific performance will not be decreed in cases where there is a want of mutuality. While there may be some exceptions to this general rule, I find nothing in the facts of this case to bring it within any of the exceptions.

[2] After filing the original bill, the complainant Ruth S. Clark, joined by her husband, made an assignment of the contract on which this case is based to W. B. Shelby Crichlow and amended the bill making the assignee a party complainant. The complainants contend that this remedied the lack of mutuality in the original contract, for the reason that the contract could now be specifically enforced against the assignee.

I am unable to agree with this contention for the reason that the mere assignment of this contract could, in no way, breathe into it the required mutuality nor remove the legal disabilities of the original parties thereto.

[3] The bill contains a prayer for alternative relief in damages, in the event specific performance is refused. Counsel contends that this may be done by amending the bill under the provisions of section 274a of the Judicial Code (Comp. St. § 1251a) and by transferring the case to the law side of the court under Equity Rule 22 of the courts of the United States. In the view I take of the case no such relief can be afforded for the reason that the promise of the complainant Ruth S. Clark, a married woman, being unenforceable, there was no consideration for the promise of the defendant, and the contract is therefore void for want of consideration.

The motion to dismiss will be granted.