## JOCKMUS v. CLAUSSEN & KNIGHT, Inc.
### No. 1526.

District Court, S. D. Florida.
Aug. 6, 1930.

Burwell & Sibley, of Miami, Fla., for plaintiff.

Knight, Pace & Holt, of Miami, Fla., for defendant.

RITTER, District Judge.

This cause comes on for hearing before the court, the jury having been waived by all parties in interest. There has been filed in the case a stipulation which is considered as a statement of facts upon which the cause is to be decided without further evidence.

Without restating the facts as set forth in said statement, it will be sufficient to say that the declaration is upon three promissory notes, each for the sum of $2,500, made, executed, and delivered by the defendant to the plaintiff on September 3, 1925, said notes being due twelve, eighteen and twenty-four months, respectively, after date. The notes were given pursuant to a contract of purchase of certain property by the defendant from the Shoreland Corporation. The notes in question, before they were due, were deposited by the Shoreland Corporation as security for an indebtedness owing by the Shoreland Corporation to the plaintiff, and thereafter by default the security was reduced to ownership by due operation of law, and the plaintiff is now the owner thereof.

When the notes were pledged by the Shoreland Corporation to the plaintiff, plaintiff was aware of the fact that the consideration for the notes given by the defendant to the Shoreland Corporation was the executory contract of purchase, and plaintiff had notice of the terms of said contract. At the time of the pledge, the Shoreland Corporation had not breached in any way its contract with the defendant, and there was nothing to put the plaintiff on notice of any anticipated breach thereof. The terms of the contract were that when the notes were paid the Shoreland Corporation would deliver to the defendant good title to the property. The defense to the notes is that the Shoreland Corporation became insolvent, suspended the performance of its contract after the hurricane of September, 1926, and was not and never has been since said time able to perform its part of the contract, and has in fact lost title to the property agreed to be conveyed to the defendant through foreclosure proceedings. The plaintiff had knowledge of the fact that the properties contracted for were covered with a mortgage at the time contract was entered into. On account of this situation, the defendants claim that they can now make the said defense, as against the holder of the notes, the same as if the notes were held by the Shoreland Corporation.

It is a well-established rule that knowledge by the purchaser of a note that the consideration therefor was an executory contract does not prevent him from becoming a bona fide holder for value before maturity, unless there has been a breach of the contract to the knowledge of such purchaser. The promissory notes in question were executed and delivered without any reference on their face to the contract of purchase. The

notes and the contract were not dependent obligations. The notes were delivered in a form and for the purpose of being used by the Shoreland Corporation to raise money for the development of its lands. It was reasonable to be anticipated by the makers, the defendants, that the Shoreland Corporation would indorse, assign, or pledge the said notes under the circumstances, and there is nothing to indicate any intention on the part of the defendants to in any way limit this right.

 The defendants assert that in Sumter County State Bank v. Hays et al., 68 Fla. 473, 67 So. 109, the Supreme Court of Florida has established the doctrine contended for by the defendants as the law of Florida. We do not so construe that case. From the facts stated in that case, the notes were executed and conditionally delivered. It was the condition that the note was to be canceled if a canning plant of a stated capacity per day should not be built at Webster, Fla., within a fixed time limit, and the company was to be organized within three months from a stated day, and, if not, the stock subscription for which the note in question was given should be canceled. It would appear therefore that the note never was in fact to be considered as having been delivered until the happening of the conditions aforesaid. It was a conditional delivery recognized under the statutory laws of Florida. The decision is not based upon any cited authority. I think that the court reached a proper conclusion in that case, but its reasoning lends countenance to the position of the defendants. If, however, the case should be construed as contended for by the defendants, it is not binding upon this court. The federal courts accept the interpretation of a state statute by the highest court of the state, but exercise an independent judgment upon questions of general law. Here we have the general commercial law under consideration.

It was stated by Mr. Justice Harlan in Presidio County v. Noel-Young Bond & Stock Co., 212 U. S. 73, 29 S. Ct. 237, 242, 53 L. Ed. 402, as follows: "In respect of the doctrines of commercial law and general jurisprudence, the courts of the United States will exercise their own independent judgment, and, in respect to such doctrines, will not be controlled by decisions based upon local statutes or local usage, although, if the question is balanced with doubt, the courts of the United States, for the sake of harmony, 'will lean to an agreement of views with the state courts.'" Town of Newbern v. National Bank (C. C. A.) 234 F. 216, L. R. A. 1917B, 1019; Capital City State Bank v. Swift (D. C.) 290 F. 505.

The second case cited by the defendants is that of Todd v. State Bank of Edgewood, 182 Iowa, 276, 165 N. W. 593, 3 A. L. R. 971, by the Supreme Court of Iowa. This case seems to be similar in facts to the case at bar, and the decision is favorable to the defendants, but it is so manifestly opposed to the great weight of authority that I cannot follow it. It is decided there that the notes and the contract of purchase are so dependent that the notes are in fact conditional upon the delivery of a title deed, and the purchaser takes the notes with notice of such possible failure on the part of the seller to perform his part. If the instrument provided such a condition, then of course the defense is available, but in the instant case the Shoreland Corporation was not compelled to deliver a title until all the notes of the defendants were paid. The defendants delivered their notes upon faith in the Shoreland Corporation to perform, and the present holder of the notes likewise was entitled to rely upon the good faith and ability of the seller. There was nothing at the time of the acquisition of the notes by the plaintiff to put him on any notice of any conditional circumstances with reference to the payment of the notes. When each note became due it was a direct promise to pay which the Shoreland Corporation could enforce, and this right passed to the present holder. This case of Todd v. State Bank has been criticized.

 Florida has adopted, and the same was in force at the time these notes were executed, the Uniform Commercial Law Act, and the general rule of commercial law under the facts in this case must prevail, which is as stated in Bigelow on Bills, Notes and Checks (3d Ed.) § 482: "It is an established principle in the law of negotiable instruments that the recital of the consideration for the instrument, even though this may indicate an executory undertaking on the part of the payee, not only does not affect the negotiability of the instrument, but does not put upon the purchaser the duty to inquire whether the counterpromise constituting the consideration has or has not been performed. Such a recital is at best but the suggestion of a potential equity, that is, if the consideration recited has failed or should fail, an equity will result in favor of the maker. Such a suggestion, however, does not rise to the level of notice, nor put the purchaser on inquiry."

In Producers' National Bank et al. v. Elrod, 68 Okl. 248, 173 P. 659, 660, L. R. A. 1918F, 1016, it is stated: "The authorities seem to be in accord on the proposition that failure of consideration after a bona fide transfer does not affect the character of the purchaser, although he had full knowledge of the original consideration for which the note was given." There follows this case an annotation of the authorities sustaining the doctrine, which is also sustained in Flood v. Petry, 165 Cal. 309, 132 P. 256, 46 L. R. A. (N. S.) 861, and the annotations following. The rule is further amplified in U. S. Nat. Bank v. Floss, 38 Or. 68, 62 P. 751, 752, 84 Am. St. Rep. 752, with the statement: "The breach of an executory contract which forms the consideration for a negotiable promissory note is not, therefore, a defense in whole or in part against an indorsee who took the note for value before maturity, even if he had notice of the contract, unless he was also informed of the breach before its purchase." The reason for the rule is well stated in Davis v. McCready, 17 N. Y. 230, 72 Am. Dec. 461.

I think the matter, however, has been settled as far as the United States courts are concerned by the case of Arthurs et al. v. Hart, 17 How. (58 U. S.) 6, 16, 15 L. Ed. 30. In this case a bill of exchange was sued upon by the holder thereof, who had acquired it before maturity for valuable consideration. The defense was that, when the bill was accepted, it was with the understanding that the builders would remedy certain defects in the sugar mill and engine, and that the holders of the bill knew of this arrangement at the time they purchased the same. The builders never remedied the defects. The court says:

"It is true, the plaintiffs knew, at the time they took the paper, that it was given as part of the price for the sugar-mill, and that the mill had been defectively constructed; but, they also knew, that the defendant, upon the promise of the builders to make the necessary repairs, had agreed to accept the bill unconditionally, and had accepted it accordingly. They knew, therefore, that he looked to this undertaking for indemnity, and not to any conditional liability upon the acceptance.

"The transaction, therefore, which is brought home to the plaintiffs, lays no foundation in law or equity, to impeach the paper in their hands."

The authorities cited by counsel for the plaintiff in their briefs abundantly sustain the position that the defense sought in this case is not available to the defendants.

A judgment order for the plaintiff in the sum of $10,443.42 may be prepared.