B. L. E. REALTY CORPORATION, a corporation, *Appellant*, v. HARRY A. FARRAR, *Appellee*.

Division A.

Opinion filed May 7, 1931.

1468

John F. Burket and F. W. Dart, for Appellant;
Charles M. Williams, for Appellee.

ELLIS, J.—Harry A. Farrar brought a suit against the
B. L. E. Realty Corporation to rescind a contract for the
purchase of a tract of land near the town of Venice in
Sarasota County. The ground upon which the relief was
souht is fraud in the matter of representations of mate-
rial facts. A general demurrer was interposed to the bill
and overruled. Thereupon the Corporation took an ap-
peal.

Many of the allegations of the bill afford no grounds for
interference by a court of equity being of that type of
sales talk which consists of fair promises and optimistic
opinions so often resorted to by unconscientious persons in
hawking their wares to entrap the guileless.

It has been held that such talk or misleading promises
and opinions afford no ground for the rescission of a con-
tract where such promises or opinions are not alleged to
have been made with present fraudulent intent. See Sun
City Holding Company v. Schoenfeld, 97 Fla. 777, 122
South. Rep. 252; Glass v. Craig, 83 Fla. 408, 91 South.
Rep. 332.

There are allegations in the bill however which are suffi-
cient to afford grounds for the relief prayed. They are

contained in the fourth and fifth paragraphs. There it is alleged that the defendant represented that the labor organization known as the Brotherhood of Locomotive Engineers, a powerful and wealthy organization, was the owner and developer of the land; that it was back of all the defendant's promises and representations and that it was amply able to carry out the ambitious program at the Venice development; that the Brotherhood had determined to completely develop and adequately drain and improve the farm land and was providing a model farm community for the purchasers of its farms; that it had laid its plans for drainage and the construction of a canal for boat transportation between Venice bay and the river and the building of paved roads through the lands; that the Brotherhood planned to beautify the property by walks, driveways and other improvements, such as school buildings bathing casino, modern packing houses; that two famous growers of narcissi were moving to Venice to begin the production of Paper White Narcissus on five hundred acres of land and that they were already established at Venice and that one of them had already purchased several hundred acres of the land for the purpose of producing White Narcissus bulbs. All such representations were alleged to be false and known to be so by the defendant, its agents and employees.

The bill alleges that the enterprise of the defendants was the development of a large tract of land embracing the town of Venice and outlying territory. The scheme was a farms development tributary to the town of Venice. The value of the farm tracts consisted in the carrying out of the program advertised and promised. The reputation and financial ability and interest in the enterprise of the

Brotherhood of Locomotive Engineers was a material and important factor in the proposed development and constituted the basis of confidence in all prospective purchasers, particularly the complainant.

The falsity of those representations is the basis for the relief sought and constitutes the equity in the bill. See Nixon v. Temple Terrace Estates, 97 Fla. 392, 121 South. Rep. 475.

The order overruling the demurrer is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND DAVIS, J., concur in the opinion and judgment.