STANLEY ROBERTSON, *Appellant,* vs. NORTHERN MOTOR SECURITIES COMPANY, an Illinois Corporation, *Appellee.*

142 So. 226.

Division B.

Opinion filed June 7, 1932.

Petition for rehearing denied July 18, 1932.

*Robillard, Copeland & Therrell,* for Appellant;
*Blakley & Quinan,* for appellee.

TERRELL, J.—In April, 1926, Skinner Machinery Company sold to Stanley H. Robertson some refrigeration equipment to be installed in an apartment house in Miami, Florida. The price of this equipment was $5581.20 of which $3421.20 was paid in cash and the balance of $2160. was payable in ten equal monthly installments of $216

each. The deferred payments were represented by a promissory note executed by Stanley H. Robertson in favor of Skinner Machinery Company to which was attached a conditional sale contract under which the refrigeration equipment was sold. Two weeks after the sale, Skinner Machinery Company sold, assigned, and transferred to Northern Motor Securities Company of Rockford, Illinois, the said note and contract. In April, 1927, no part of the note having been paid, Northern Motor Securities Company filed its bill of complaint against Stanley H. Robertson to foreclose and recover the amounts due on the note and contract. On final hearing, the Chancellor found the equities to be with the complainant and entered his final decree for the full amount of the note with interest. This appeal is prosecuted from that decree.

There are nine assignments of error but all turn on the question of whether or not Northern Motor Securities Company was a bona fide holder for value of the contract and note sued on.

Appellant contends that the sales contract was executory in that it provided that "said chattel shall be installed in the following premises: 1560 Drexel Avenue, Miami Beach, Florida, but shall not become a part of the realty" and that in view of such provision the obligation of Appellant to pay the note was contingent upon the installation of the refrigeration equipment and that failure to make the installation would destroy the right of recovery. To support this contention, Appellant relies on Sumter County State Bank vs. Hays, 68 Fla. 473, 67 So. 109.

The instant case is not ruled by Sumter County State Bank vs. Hays. In that case, we held that where an endorsee takes a negotiable note with knowledge of an executory contract as its sole consideration, such endorsee is not a holder in due course without notice of any infirmity in the note or defects in the title within the meaning of

the negotiable instrument statute, even though the endorsee did not know of the subsequent breach of the contract.

The note in that case was made for stock in the Consolidated Canning Company on the sole and only consideration that said company be organized within three months from a stated date, that it build a canning plant at Webster, Florida, of a stated capacity within that time and if not so built, the note was to be cancelled. Evidence was permitted to show that these things were not done, and on such showing, this court decreed the note not collectible.

In the instant case, no such state of facts is shown. The note was negotiable and the contract executed and delivered simultaneously with the note, was an ordinary retained title contract. The note and contract were sold and assigned to Appellee in due course for value shortly after execution and prior to maturity. True, the contract carried the provision with reference to installation relied on by Appellant to defeat its payment, but the record discloses that installation was actually made and while it appears that such installation was not in all respects satisfactory appellant had taken no step to rescind his contract when this suit was brought more than one year after, and no movement was made to apprise appellee of a breach of the contract until after the bringing of this suit. It came too late at that time. Mizelle vs. Watson, 57 Fla. 111, 49 So. 149.

We do not think the contract was executory but if it was knowledge by appellee that the note was given in consideration of such an agreement does not deprive it of its character as a holder in due course, if the appellant fails to perform when the appellee had no knowledge of the breach at the time of its acquisition of the note. Dollar Savings & Trust Co. vs. Crawford & Ashby, 69 W. Va. 109, 70 S. E. 1089; Page vs. Ford, 65 Ore. 450, 131 Pac.

1013; Brannin vs. Richardson, 108 Tex. 111, 185 S. W. 562; Fish Rubber Co. of New York vs. Pinkey, 100 Wash. 220, 170 Pac. 581; Detroit Savings Bank vs. Towers, 42 Pa. Supr. 246, 8 C. J. 510.

In this state, we approve the rule that when a chattel is sold and delivered to the purchaser under a retained title contract, such as that involved here, in which the vendor retains title with an option to retake it upon the happening of certain conditions, and forfeit all payments made on the purchase price, the vendor under such terms may retake the chattel or he may proceed against the vendee for the collection of the unpaid balance of the purchase price and treat the contract as a lien upon the thing sold to secure such payment, because under such a contract, the vendor consents to the incumbrance upon his equitable interest in the chattel. Malone vs. Meres, 91 Fla. 709, 109 So. 677, text 680.

The endorsement on the back of the note was ample to convey all right or title of Skinner Machinery Company in it and was as follows: For value received the within contract and all right, title, and interest of the vendee therein and thereunto and to the property therein described are hereby sold, assigned, and transferred to the Northern Motor Securities Co., Rockford, Illinois. The payments mentioned in this contract are hereby guaranteed by the undersigned.

A guarantee on the back of the note does not vitiate the transfer, nor will it divest the endorsee of his right as a bona fide holder. Hendrix vs. Bauhard Bros., 138 Ga. 473, 75 S. E. 588; 29 Ann. Cas. 1913-D 688, note 693.

It follows that appellee is a holder in due course of the instrument sued on and may enforce payment of it for the full amount thereof against appellant. Section 4730 Revised General Statutes of 1920 (6816 Compiled General Laws of 1927).

Affirmed.

BUFORD, C.J., AND WHITFIELD AND ELLIS, J.J., concur.

DAVIS, J., concurs. specially.

DAVIS, J. (Concurring in part and dissenting in part).—
It is an established principle in the law of negotiable in-
struments that the recital of the consideration for the in-
strument, even though this may indicate an executory
undertaking on the part of the payee, not only does not
affect the negotiability of the instrument, but does not
put the purchaser upon the duty to inquire whether the
counter promise constituting the consideration has, or has
not, been performed. Such a recital is at best but the
suggestion of a potential equity, that is, if the considera-
tion has failed or should fail, an equity will result in
favor of the maker. Such suggestion does not rise to the
level of notice, nor put the purchaser upon inquiry. This
is according to the weight of authority in the United
States. Detroit Savings Bank vs. Towers, 42 Penna. Sup.
246; Producers National Bank vs. Elrod, 68 Okla. 248,
173 Pac. 659; U. S. National Bank vs. Floss, 38 Ore. 68,
62 Pac. 751, 84 Am. St. Rep. 752; Jennings vs. Todd, 118
Mo. 296, 24 S. W. 148, 40 Am. St. Rep. 373; Hakes v.
Thayer, 165 Mich. 476, 131 N. W. 174; Bigelow on Bills,
Notes and Checks (3rd Ed.) par. 482, page 373.

The case of Sumter County Bank vs. Hayes, 68 Fla. 743,
67 Sou. Rep. 109, when properly understood, is not to the
contrary, as seems to have been construed by the anno-
tator in L. R. A. 1918-F, pages 1018-1019. That case in-
volved notes which had been conditionally delivered and
what was said in the opinion must be construed in the
light of what was before the court for its consideration.
There the notes were delivered to a trustee conditioned
upon the erection of a canning plant and the delivery of
stock therein. In the event of a breach of the condition
the notes were to be redelivered and were to be utterly

void, so the case was not one strictly of failure of consideration only, but involved a breach of conditional delivery which was held good as a defense, because the endorsee took the notes with knowledge of the circumstances.

The recent Federal case of Jackmus v. Clarissen & Knight, 47 Fed. (2nd) 766, so construes the case of Sumter County Bank v. Hayes, *supra*, and I think that constructoin of it is correct.

It seems to me that the great weight of authority is to the effect that where a negotiable promissory note is valid at its inception, a default in the performance of an executory agreement between the original parties will not defeat a recovery by a transferee for value, before maturity, though he had knowledge of the agreement (Kinkel vs. Harper, 7 Colo. App. 45, 42 Pac. 173) though we have held that a different rule prevails when the note is acquired *after* maturity. See Harper vs. Bronson, decided at the present term, opinion filed January 23, 1932, reported in 139 Sou. Rep. 203.

It seems to me that Sumter County Bank v. Hayes is not inconsistent with the weight of authority, but it is to be read in the light of what the court was there called on to decide. See Smitz v. Wright, 64 Fla. 485, 60 Sou. Rep. 225. That decision must be confined to cases where not only the consideration, but the title of the transferee, is in question.

BUFORD, C.J., AND TERRELL, J., concur.