B. L. E. REALTY CORPORATION, a corporation, and BROTHER-HOOD OF LOCOMOTIVE ENGINEERS CO-OPERATIVE NATIONAL BANK OF CLEVELAND, OHIO, a corporation, *Appellants,* vs. WILLIAM GUY SHEPARD, *Appellee.*

144 So. 880.

Division A.

Opinion filed December 6, 1932.

*John F. Burket* and *Francis C. Dart,* for Appellants; *J. J. Williams, Jr.,* for Appellee.

PER CURIAM.—Appellee filed bill in equity against appellants for the rescission of an executed contract to recover money paid under such contract and to have a lien decreed in favor of the complainant against the defendants on the lands embraced in the contract.

The right to rescission and to the other relief prayed was based upon the allegations that contract was procured by fraud and the money paid because of false and fraudulent representations as to existing facts and by

the making of false and fraudulent promises concerning future improvements which it is alleged were made with the intent to deceive and to defraud the complainant and without the intention at the time to perform the same.

Demurrer to the bill of complaint was interposed and overruled. The appeal is from the order overruling the demurrer.

The order overruling the demurrer should be sustained on authority of the opinion and judgment in the case of Nixon vs. Temple Terrace Estates, 97 Fla. 392, 121 Sou. 475, and authorities there cited, and in the case of Sumter State Bank vs. Hayes, 68 Fla. 473, 67 Sou. 109.

While in the case of Sumter State Bank vs. Hayes, supra, the consideration for the notes in controversy was an executory contract and the notes involved in the case now before us were given for and in consideration of an executed contract, the allegations of the bill of complaint are sufficient to require answer and proof as to whether or not the assignee of the notes took the same with full knowledge of defects in title which are alleged to have existed and by reason of such knowledge was not a holder in due course and for value.

The order appealed from is affirmed.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.

BROWN, J., concurs in the conclusion.

ELLIS AND DAVIS, J.J., concur specially.

DAVIS, J. (Specially Concurring).—Inasmuch as the demurrer interposed was a general demurrer, I think it was properly overruled on the authority of what this Court said, speaking through MR. JUSTICE ELLIS, in B. L. E. Realty Corporation vs. Farrar, 101 Fla. 1467, 136 Sou. Rep. 441, in dealing with a general demurrer which had been overruled to an analogous bill.

But the case of Sumter County State Bank vs. Hayes, cannot be properly held to be authority for the proposition that the holder of a negotiable instrument, who took it for value before maturity, is subject to having his rights as a holder in due course defeated by an attempted defense which is nothing more than a showing that such holder took the instrument with knowledge that the consideration for it was an executory contract or other deal involving the sale of property, unless it be shown in addition that the instrument was taken with knowledge on the part of the transferee at the time of its taking, that there was some defect in the existing executory contract or consideration for it, which rendered that contract unenforceable. See: Robertson vs. Northern Motors Securities Corp., 105 Fla. 644, 142 Sou. Rep. 226; Jockmus vs. Claussen & Knight, 47 Fed. 2nd 766.

My concurrence in the affirmance by this Court of the order overruling the general demurrer is subject to the foregoing statement of legal principles which in my judgment must control the granting of a relief against the defendant, Brotherhood of Locomotive Engineers Co-operative National Bank of Cleveland, Ohio, if any is to be had.

WHITFIELD, ELLIS AND BROWN, J.J., concur.