## UNITED STATES v. BRYANT.
### Civil Action No. 506–M.

District Court, S. D. Florida,
Miami Division.

Jan. 17, 1945.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for plaintiff.

Robert C. Lane, of Miami, Fla., for defendant.

HOLLAND, District Judge.

Complaint in this case was filed based on a promissory note, and answer was filed. The plaintiff moved to strike the answer and for summary judgment, and the defendant moved to make complaint more definite and for better bill of particulars. The Court has struck the answer, allowing further time to file an amended answer. The Court also denied the defendant's motion for more definite and better bill of particulars. Further answer was filed. The sufficiency of this answer is now before the Court on the motion of the plaintiff for summary judgment.

This motion has been argued before the Court and written briefs submitted, the last of which was submitted on January 9, 1945.

The complaint alleges the following:

(a) That defendant on November 4, 1935, made a written financial and credit statement to Shop Equipment Finance Corporation, incident to the application for credit for the furnishing and installation of certain equipment by the contractor, Joseph Weidenhoff, Inc., to be located on property in Dade County, Florida, owned by the defendant.

(b) On December 12, 1935, the defendant executed his promissory note payable to the order of Joseph Weidenhoff, Inc., for $1586.52, payable in 36 monthly installments, the first to become due on January 2, 1936, the note being executed in and being payable at a bank in Dade County, Florida. On the face of this note it appears that the note was secured by a conditional sales contract.

(c) The conditional sales contract was executed November 22, 1935, between Joseph Weidenhoff, Inc., as seller, and the defendant Bryant, as buyer. The right of and title to the property sold were to remain in the seller until the buyer had fulfilled his obligation set forth in the agreement, at which time the seller was to deliver to the buyer a bill of sale. The seller within a reasonable time after the execution of the agreement was to deliver the goods into the possession of the buyer, and the buyer was to have the right to

hold the possession during the period covered by the agreement, unless the seller repossessed the property in the meantime for causes set forth in the agreement of sale.

(d) On November 22, 1935, Joseph Weidenhoff, Inc., assigned its rights under the conditional sales contract to Shop Equipment Finance Corporation.

(e) On the reverse side of the note an assignment without recourse was executed by Joseph Weidenhoff, Inc. The date of this endorsement on the back of the note is not given.

(f) Shop Equipment Finance Corporation endorsed the note in blank, and thereafter Industrial Modernization Corporation without recourse endorsed the note to the Federal Housing Administration, acting on behalf of the United States of America. Also on the reverse side of the contract of sale Industrial Modernization Corporation sold or assigned its rights under the contract to the Federal Housing Administration's administrator, without recourse, representation or warranty. .

The complaint avers that the note, prior to the due date of any installment payment date, was endorsed by the payee to Shop Equipment Finance Corporation, which corporation in turn endorsed the same to Industrial Modernization Corporation. This allegation is construed as an averment that both the endorsement to Shop Equipment Finance Corporation and to Industrial Modernization Corporation were on a date prior to the due date of any installment on the note, and this conclusion is warranted because the assignment of the contract by Shop Equipment Finance Corporation to Industrial Modernization Corporation was of the date of January 13, 1936, and the first installment due date was not until January 22, 1936.

■ The plaintiff became the assignee of the note after maturity, but the plaintiff is entitled to have its rights determined as standing in the shoes of its endorser, Industrial Modernization Corporation, if Industrial Modernization Corporation was a holder for value before maturity. Under the law, such rights accrued to the Government even though the Government became an assignee after maturity.

Counsel have extensively briefed the case. They have not specifically briefed the question of whether or not the law of Florida governs. The brief of the plaintiff is submitted as if the general law governed, while the brief of the defendant is prepared on the basis of Florida law governing.

■■ This was a negotiable instrument, executed and made payable in Florida by a citizen of Florida to a corporation of Illinois. The Government did not become the owner of this instrument sued on until after maturity. Jurisdiction of this Court is not dependent upon diversity, but the fact that the United States is suing a citizen of Florida is a sufficient basis for jurisdiction and venue. I am of the opinion that insofar as the law incident to negotiable instruments is applied that the law of Florida governs, and so hold in rendering this opinion. The result is that according to the law of Florida, the ruling goes for the plaintiff, the Government, and there is no occasion to have counsel submit briefs on this question of what law should govern. If the decision went for the defendant on the matter now before the Court, I would grant the Government the right to present views on this particular question of law.

As above stated, the Government as plaintiff in this case is entitled to all the rights and benefits enjoyed by its immediate endorser, and if Industrial Modernization Corporation is entitled to recover as against this defendant, then the Government, though a purchaser after maturity, is entitled to recover.

■ The defenses advanced by the defendant do not specifically charge that the Government's endorser had notice of any failure of consideration of the note, but such defenses are based upon the terms of the conditional sales contract, the averment being that there was a failure of consideration for the note, arising out of an alleged breach of implied warranties of the quality of the goods sold. One defense specifically relies on an implied warranty by the seller as to the quality of the goods sold and their fitness for the purpose for which they were sold, and concludes that the consideration for the note failed because of the breach of said implied warranties. Another defense is that the title to the goods sold had not been tendered to the purchaser, the defendant, and that for this reason no predicate was laid for the right to recover on the note. Obviously this second defense is entirely insufficient, because the Government, nor

any other holder of the note, could be expected or called upon to execute or have executed a bill of sale to the goods as a predicate for suit on the note, when the consideration agreed to be paid had not in fact been paid.

■■ In the contract of sale there were no expressed warranties as to the quality of the goods sold, nor that they would be adapted to any particular use. But for the purpose of this opinion I am considering that the defendant can rely upon implied warranties to that effect, thus raising the question of whether or not such warranties are binding on the holder of the note purchased for value before maturity, and without notice of other defects of title. The fifth defense relies upon a breach of such implied warranties as constituting a failure or want of consideration. Such a failure of consideration, if it may be termed such, growing out of the breach of implied warranties, does not amount to an equity which may be asserted against a holder for value of the negotiable instrument, before maturity, even though the negotiable instrument shows on its face that it was given in connection with the sale of personal property under a title retained contract. Sumter County State Bank v. Hays, 68 Fla. 473, 67 So. 109, was a case in which stock in a corporation was in the future to be delivered to the maker of the note, and the failure of consideration in that case was of that nature. This is an entirely different matter from a situation where the possession of goods conditionally sold is delivered to the purchaser, and where breach of warranties implied or otherwise are relied upon as amounting to a failure or want of consideration. Jockmus v. Claussen & Knight, Inc., D. C., 47 F.2d 766. In Robertson v. Northern Motor Securities Co., 105 Fla. 644, 142 So. 226, it was held that the endorsee's knowledge that the note was given in consideration of an executory agreement did not deprive endorser, having no knowledge of breach of contract at time of its acquisition of the note, of its character as a holder in due course. Particularly interesting is the concurring opinion of Judge Davis in the Robertson case, supra. To the same effect is B. L. E. Realty Corporation v. Shepard, 107 Fla. 380, 144 So. 880.

Defendant relies upon Citizens' State Bank v. Carmichael, 88 Fla. 526, 103 So. 111. The determining point in that case was that the same person was an officer of the drawee corporation, and of the endorser bank. Defendant also relies upon Hamilton v. Vero Beach Reserve Mortg. Co., 107 Fla. 65, 144 So. 362, in which case the note showed on its face that there was an outstanding conditional sales contract, and such assignee was bound by the act of the seller who had retaken the automobile in a replevin action. The bona fide position of the holder of the note was not disturbed by the fact that there was a reference on the face of the note to the existence of a conditional sales contract, but the holder had notice of an equity in favor of the maker of the note. Defendant also relies upon Sample v. Hundred Lakes Corporation, 107 Fla. 568, 145 So. 193. That case holds that the purchaser of the note was put on inquiry, but this does not militate against a holding that a bona fide holder of a negotiable note, acquired before maturity, with notice that the consideration for the note was the sale of goods to be paid for in future installments, is a holder for value. Such holder is not bound by either expressed or implied warranties as to the quality of goods, which warranties may thereafter be breached. Defendant also cites Wilson v. Sample, 118 Fla. 416, 159 So. 675. It was held there that the facts pleaded were sufficient to put the holder of the note on inquiry, but no comparable facts are pleaded in the case at bar.

A very interesting annotation is cited by defendant's counsel as reported in 128 A.L.R. commencing at page 729. That particular annotation was limited to the rights of a finance company as a purchaser of conditional sales contract notes from a dealer, and not from persons other than dealers. It is not necessary in this opinion to differentiate as to those particular situations as in the case at bar there was a finance company, as an immediate endorsee, but there was also an endorsement to Industrial Modernization Corporation. Defendant's counsel asks the Court to give particular attention to Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115, a case dealing with implied warranties incident to the sale of defective lipstick. This case as upholding the doctrine of implied warranties in an action against the seller is fully recognized, but the cases herein cited are to the effect that a breach of such implied warranties consti-

tute a breach of an executory contract, and as such are not binding upon a bona fide holder for value before maturity of a negotiable instrument, and he continues a bona fide holder even though he had notice that the note was given in connection with a sale of merchandise as to which there was an implied warranty.

In this case the Government asks for summary judgment on the ground that the answer is insufficient. If the endorser to the Government was a holder in due course, for value, with knowledge only of the existence of an accompanying contract of sale of merchandise, and such former holder for value before maturity was a corporate entity, not the alter ego of the original seller, then implied warranties of quality of the goods sold are of the executory character which would not be binding on such holder for value before maturity, and the Government stands in its shoes, and could enforce the note against the maker, although the Government acquired the note in question after maturity. The defenses averred by the defendant are insufficient. The fifth defense avers breach of an implied warranty, and such defense is insufficient. The sixth defense avers that neither the seller nor the plaintiff had transferred the title unconditionally to the defendant, and that the same was a prerequisite to the bringing of this suit. This defense is entirely and unquestionably insufficient, and should be stricken.

The exhibits attached to the complaint demonstrate that the matters set out in this opinion constitute a burden on the defendant to assert more than the conclusion that the endorser of and to the Government had constructive knowledge of the existence of the conditional sales contract. The defendant has had two opportunities to plead, and it would appear that he has pleaded the strength of his case, however, if he can strengthen his defenses in accordance with the law of this case as herein declared he will be allowed thirty days in which so to do. However, before summary judgment is granted, the Court will require some evidence, by affidavit or otherwise, as to the identity and character of the endorsers, as it appears that the same individual is an officer of the selling corporation, Joseph Weidenhoff, Inc., and Shop Equipment Finance Corporation, its immediate endorsee. The record is not clear as to the purchase of this note by Industrial Modernization Corporation.