O’CONNELL, Justice.
This is the second appearance of this cause in this Court. On the first appeal a summary judgment entered in favor of the plaintiff, Manufacturers Trust Company, who again is appellee, was reversed for further proceedings for reasons set forth in the opinion in Whitehall Realty Corp. v. Manufacturers Trust Co., Fla.1955, 81 So.2d 475. The defendants, appellants here, now appeal from a judgment for plaintiff entered after entry of a directed verdict for plaintiff at the conclusion of the trial had after remand of this cause by this Court on the first appeal.
The complaint, which was filed February 9, 1954, alleged that the defendant Whitehall Realty Corporation, on March 25, 1952, executed its note for $5,927 payable to Spring Trading' Corp. 4i/¿ months after date at the Mercantile National Bank of Miami Beach, Florida, which note was endorsed, prior to delivery, by the defendant Kimmel; that Spring Trading Corp. endorsed and transferred the note to plaintiff; that a similar note in sum of $5,927, dated April 29, 1952, payable 4 months after date was in like manner executed, endorsed and transferred; that no sums had been paid on said notes.
Defendants in their answer pleaded (1) no consideration, (2) payment and (3) lack of corporate authority on the part of the corporate officer who executed the notes.
In the first appeal the mandate of this Court was filed on July 13, 1955. Thereafter, the trial court set the cause for trial for December 12, 1955, and on November *618 16, 1955 entered an order wherein the issue to he tried was limited to a determination of the issue of consideration as discussed by this Court in its opinion written on the first appeal.
On December 12, 1955, when the cause came on for trial, the defendants moved the court for leave to amend their answer so as to assert, as an additional affirmative defense, that the plaintiff, was not a holder in due course and that it did have actual knowledge that no consideration had passed between the defendants, maker and endorser of the notes, and Spring Trading Corp., the payee therein, and that because of such notice Manufacturers Trust took the notes-subject to the infirmities, irregularities, and defenses of the defendants.
The court denied the motion to amend the answer but said:
“I may allow you to conform with the proofs, if you wish. You came into the courtroom to try the issues already determined. The case has been pending for some time.”
After both sides had presented their evidence and rested their cases, the plaintiff moved the court for entry of a directed verdict which was granted, the trial judge stating that had no motion been made he would have directed a verdict for plaintiff on his own initiative.
In directing a verdict for the plaintiff the trial judge made the following remarks which explain his conclusions of law and also explain to some extent the facts of the case:
“There is a distinction between the initial want of consideration, and a subsequent failure of consideration. At the time of the execution of the note sued on, there was clearly no want of consideration.
“The payee promised and agreed to deliver towels and linen supplies to the maker’s hotel in May when the hotel opened; and the maker promised and agreed to pay for the towels and linens in August; and its promise and agreement to make such payment was evidenced by the promissory notes, including the notes sued on in this action,
“If the notes had remained in the hands of the original payee, then the maker, in the event of a breach of the agreement to deliver the towels and linens, could then have pleaded as a defense to an action on the notes, failure of consideration as distinguished from want of initial consideration. But, before maturity of the notes and before any failure of consideration, the notes were endorsed and delivered to the plaintiff in this case for value.
“There was no notice of infirmity to the endorsee, the plaintiff. In fact, at that time there was no infirmity, because there had been no initial want of consideration, and there had been at the time of the endorsement no failure of consideration.
“So, the plaintiff became and is a holder in due course for value; and is, in my opinion, clearly entitled to recover on the notes sued on in this action; and therefore the Court will instruct the jury to return such a verdict, because there is no factual issue or dispute for the jury’s determination.”
Defendants’ principal contention is that the plaintiff knew, at the time it discounted the notes for Spring Trading Corp., that the only consideration for the notes was an executory contract. They argue that under the decision of this Court in Sumter County State Bank v. Hays, 1914, 68 Fla. 473, 67 So. 109, an indorsee who takes a negotiable note, with knowledge that an executory contract is the sole consideration for the note, is not a holder in due course, without notice of infirmity or defects, within the meaning of the Negotiable Instruments Law, Chapters 674-676, Fla.Stats.1957, F.S.A.
*619 The opinion in the Sumter County State Bank case, supra, would, at first glance, tend to support the defendants’ position, hut in later cases the holding in that case has been distinguished, if not overruled.
In Robertson v. Northern Motor Securities Co., 1932, 105 Fla. 644, 142 So. 226, this Court held that an indorsee’s knowledge that a note was given in consideration of an executory contract did not deprive an indorsee, having no knowledge of a breach of the contract at the time of its acquisition of the note, of the position of a holder in due course. This Court in the last cited case stated that the case of Sumter County State Bank, supra, was not controlling and in a special opinion written by Mr. Justice Davis it is clear why it was not controlling in that case and why we do not find it to be controlling in the case now before us.
In the case of Jockmus v. Claussen & Knight, D.C.S.D.Fla.1930, 47 F.2d 766, which was cited by Mr. Justice Davis in his special opinion in the Robertson case, supra, the Federal District Court stated:
“It is a well-established rule that knowledge by the purchaser of a note that the consideration therefor was an executory contract does not prevent him from becoming a bona fide holder for value before maturity, unless there has been a breach of the contract to the knowledge of such purchaser. $ ‡ » ■
We believe this to be the correct rule of law and to be the view followed by the majority of courts. See also B. L. E. Realty Corp. v. Shepard, 1932, 107 Fla. 380, 144 So. 880; United States v. Bryant, D.C.S.D.Fla.1945, 58 F.Supp. 663, 8 Am.Jur,, Bills & Notes, Sec. 401; Annotation 1935, 100 A.L.R. 1357; Britton, Bills & Notes, Sec. 108 (1934); Brannon, Negotiable Instruments Law, Sec. 56, pp. 788-790 (7th ed. 1948).
The plaintiff purchased the notes in question prior to the breach of the executory contract and prior to maturity of the notes. Under the above cited cases and authorities we conclude that the executory contract between the defendant Whitehall Realty Corp. and Spring Trading Corp. was sufficient consideration for the notes in question and that the trial judge properly granted a directed verdict for plaintiff under the evidence adduced at the trial.
Defendants also contend that the plaintiff was not a holder in due course since it negotiated the notes in bad faith. Secs. 674.54 and 674.57, F.S.A., require that a holder in due course be one who has exercised good faith.
Defendants sought to amend their answer at the beginning of the trial held on December 12, 1955 so as to assert that plaintiff was not a holder in due course, but the motion to amend was denied by the court as above set forth. Although the trial judge stated that he might allow the pleadings to be made to conform to the proof no such motion was thereafter made by the defendants. The affirmative defense of bad faith therefore was never an issue raised by the pleadings in this cause and was not before the Court at the time of direction of the verdict for plaintiff.
Further, the amendment sought to he made to the answer alleged that plaintiff knew that there was no consideration for the notes and thus took the notes subject to the defenses of the defendants. Having concluded that the executory contract was consideration for the notes the amendment, even if allowed, would have been unavailing as to that defense.
Defendants also contend that the trial judge committed error by denying their motion to amend their answer. This cause was first instituted in February 1954. The mandate of this Court was filed in July 1955. On November 16, 1955 the trial judge entered an order in compliance with the Supreme Court’s mandate and restricting the trial of the cause to the question of consideration for the notes and knowledge *620 of the plaintiff thereof if there was no consideration therefor. In spite of the lengthy course of this litigation the defendants did not move to amend their answer until the day of the trial. In view of these circumstances we cannot say that the trial judge abused his discretion in denying the motion to amend. Further, as above stated the amendment would not have been of any assistance to defendants had it been allowed in view of our holding that the executory contract was consideration for the notes.
The defendants have not made error to appear. The judgment appealed from is therefore affirmed.
TERRELL, C. J., and THOMAS, HOB-SON and THORNAL, JJ., concur.