DEKLE, HAL P., Associate Judge.
This appeal is from a summary judgment for the appellee-bank which was plaintiff below, on a series of five bearer notes totaling $10,000.00. The bank claims to be a holder in due course for value and defendant (appellant) Mastry, as maker of the notes, denies this and additionally asserts failure of consideration and further that as an accommodation maker that prior to delivery he revoked and withdrew his accommodation. The admitted facts do not support the last contention and we shall consider the other points raised.
The factual basis asserted for the alleged “failure of consideration” is that the notes were given by defendant (appellant) Mas-try, as an accommodation for a co-defendant, Reed A. Thursby, an endorser (not an appellant) to an attorney Eli S. Jenkins (later made a defendant on the defendants’ cross-claim not involved here) for legal services “to be performed” for Thursby’s corporation then engaged in proceedings for an Arrangement under Chapter XI of the National Bankruptcy Act; that the notes were given on the “condition” that if Jenkins was ultimately paid from funds available from the Arrangement Proceeding, then these notes were not to be paid, and that “the notes were made to provide Jenkins assurance that he would ultimately be paid for his legal services if not paid by the U. S. District Court for his services in the Proceeding;” that in fact Jenkins was paid for said services in the U. S. District Court Proceeding and that therefore there was a “failure of consideration” for the notes. This contention would seem to fall more logically under a defense of conditional delivery because there was some “consideration” in that the attorney Jenkins undertook the work in consideration of the notes being given, but we shall consider the defense no matter which it be labeled. Appellant contends that liability on the notes ended when Jenkins was otherwise paid and that payment of these notes would mean that Jenkins had in fact been paid twice for the same services.
The evidence, testimony and the law do not leave a genuine issue of material fact on these contentions. At defendants’ request, the attorney Jenkins wrote a letter to defendants at the time of delivery of the notes from defendants to Jenkins, which letter was the agreement between them and was the understanding of defendants’ obligations and why the notes were given, according to Defendant Thursby’s deposition. This letter clearly states that the notes were delivered “in payment for services” and there is no reference in the agreement to “an assurance” of payment for services or that payment was condi *483 tional upon the attorney receiving payment in the District Court Proceeding. This last fact seems even more evident by a provision in the letter-agreement that in another eventuality where there might be no cause of action in the litigation which Jenkins was undertaking that “in that event” a reasonable attorney’s fee would be fixed and the difference between such reasonable fee and “the above amount paid to me” shall be paid by the undersigned (Jenkins) to you (defendants).” Any effort at this point to bring in a new and different contemporaneous oral agreement would of course be to vary the terms of a written contract by parol testimony which could not be done.[1]
Our case is a little different from those standard cases where the suit is simply upon the note but here the contended “contemporaneous oral agreement” was reduced to writing in the letter and the same rule would apply or at least estop defendants from contending contrary to their letter agreement in connection with the same subj ect matter.
The holding on the above point eliminates defendant’s other contention that plaintiff was not a holder in due course, because there could not then be any “infirmity or defect in plaintiff’s title” of which defendants could complain, even if, as testified by defendant Thursby, such information were transmitted to plaintiff’s employee before assignment by Jenkins to the Plaintiff.
The agreement or contract for the attorney’s services to be performed would in any event, under defendant’s contention, be an “executory” contract, any breach of which could not have occurred until payment was made to the attorney from the District Court Proceeding, so that plaintiff could not have had knowledge of such breach which had not occurred at the time of the assignment to plaintiff. Knowledge by plaintiff that the notes were given under such an agreement would not, therefore, deprive the plaintiff of its standing as a holder in due course.[2]
Defendant Mastry’s contention that he was to receive certain security as consideration, by way of a mortgage on equipment, is rebutted by Defendant Thursby’s and other testimony. Neither was this the only consideration.
Summary Judgment was properly entered.
Affirmed.
ALLEN, C. J., and PIERCE, J., concur.

. Rothstein v. Forty-Five, Twenty-Five, Inc., Fla.App.1962, 145 So.2d 565; Rivers v. Brown, 1911, 62 Fla. 258, 56 So. 553; Forbes v. Ft. Lauderdale Mercantile Co., 1922, 83 Fla. 66, 90 So. 821.

. Whitehall Realty Corp. v. Manufacturers Trust Co., Fla.1958, 100 So.2d 617; Robertson v. Northern Motor Securities Co., 1932, 105 Fla. 644, 142 So. 226.