J. W. SAMPLE, individually and J. W. SAMPLE, as Trustee, (Defendant below) *Plaintiff in Error,* vs. T. J. WILSON, (Plaintiff below), *Defendant in Error.*

Division B.

Decision filed February 7, 1931.

Reversed on rehearing May 7, 1931.

*G. P. Garrett,* for Plaintiff in Error;

*Huffaker & Edwards* and *Akerman & Akerman,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur

---

## ON REHEARING.

### Division B.

### Opinion filed May 7, 1931.

1.  Generally the mere addition of the words "agent" or "trustee" to the name of the obligor without disclosing his principal's identity does not exempt him from personal liability on the note.

2.  When the question of whether or not one is the holder of a promissory note in due course, is clearly put in issue, that fact becomes one for the determination of a jury.

3.  Ordinarily the holder of a promissory note is presumed to have acquired it in good faith and to be a holder in due course. This presumption however may be impeached and when it is and evidence is offered to prove that the note was not acquired in good faith, the burden is then shifted to the holder to prove that he took it free from defect or infirmity.

A writ of error to the Circuit Court for Polk County; Harry G. Taylor, Judge.

Reversed on Rehearing.

*G. P. Garrett,* for Plaintiff in Error;

*Huffaker & Edwards* and *Akerman & Akerman,* for Defendant in Error.

ON PETITION FOR REHEARING.

TERRELL, J.—Plaintiff in Error, J. W. Sample, executed his promissory note to Lake Marion Groves Corporation dated April 23, 1925, due on or before March 31, 1928, signed "J. W. Sample, Trustee." The Lake Marion Groves Corporation endorsed the note to Thomas J. Arline who in turn endorsed it to T. J. Wilson, the defendant in Error without recourse. Wilson claiming to be a holder in due course prosecuted this action against Sample to recover on the note. At the conclusion of all the testimony a motion to strike the evidence offered by the defendant and to direct a verdict for the plaintiff was granted. Writ of error was taken to that judgment.

In a per curiam order made February 7, 1931, this Court affirmed the judgment of the court below. The cause is here now on petition for rehearing.

We have for determination the sole question of whether or not defendant's evidence affecting the status of defendant in error, T. J. Wilson, as a holder in due course should have been stricken in the face of allegation and supporting evidence that he was not such a holder.

The bona fides as to execution and various assignments of the note are not brought in question. It is contended on behalf of Wilson that if there was an arrangement between Sample and the initial payee that he (Sample) was not to be personally liable for the payment of the note, that he (Wilson) knew nothing of such an arrangement before he purchased the note. It is also contended that a promissory note being a "courier without luggage, whose countenance is its passport" the mere addition of the word "agent" or "trustee" to the name of the obligor without disclosing his principal's identity does not

exempt him from personal liability on the note. Section 4694 Revised General Statutes of 1920 (Section 6780 Compiled General Laws of 1927).

In the abstract this contention is sound and inescapable but in the case at bar the question of whether or not Wilson was a holder in due course was clearly put in issue and being done, that fact became one for the determination of a jury.

Ordinarily the presumption is that Wilson acquired the note in good faith and that being true he was a holder in due course. This presumption, however, may be impeached and when it is and evidence is offered to prove that the note was not acquired in good faith the burden is then shifted to the holder to prove that he took it free from defect or infirmity. He must show that he came in possession of the note fairly, without any knowledge of fraud or illegality and unattended with any circumstances justly calculated to awaken suspicion. 3 Ruling Case Law 1033, Paragraph 240. The evidence stricken supports plaintiff in error's contention that Sample's representative character was explained to Wilson when Arline endorsed the note to him (Wilson), and that Wilson was also advised of the agreement between Sample and Lake Marion Groves Corporation to the effect that Sample was in no sense bound personally on the note. It is also shown that Arline's endorsement was without recourse, that the note was one of a series, that the interest was past due, and that it was signed J. W. Sample, "Trustee." If these allegations were true Wilson was not a holder in due course as contemplated by law. Section 4725 Revised General Statutes of 1920 (Section 6811 Compiled General Laws of 1927).

The probative force of this evidence was for the de-

termination of the jury. The order striking it and directing a verdict for the plaintiff was therefore error. It is accordingly reversed on rehearing.

Reversed on rehearing.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.