MIAMI BANK & TRUST COMPANY, a corporation, *Appellant*, vs. FRANK T. BUDGE COMPANY, a corporation, and H. R. CHASE, as Sheriff, Dade County, Florida, *Appellees*.

145 So. 192.

Division A.

Opinion filed January 5, 1933.

Petition for rehearing denied January 18, 1933.

*Worley & Worley*, for Appellant;
*Marshall F. Sanders*, for Appellees.

PER CURIAM.—On March 9, 1926, W. F. Morang & Son Co., Inc., a Florida Corporation, executed a note in the sum of $24,450.00 to Miami Bank & Trust Company. On the 18th day of May, 1926, Frank T. Budge Company sued W. F. Morang & Son Co., Inc., and procured the service of writ of garnishment on Miami Bank & Trust Company. On the 7th day of June, 1926, Miami Bank & Trust Company filed its answer in Garnishment in which it alleged that it was indebted to W. F. Morang & Son Co., Inc., in the sum of $3,832.82; that it held for collection for the credit of W. F. Morang & Sons Co., Inc., collateral promissory

notes aggregating $10,750.00 and that the garnishee held notes against W. F. Morang & Sons Co., Inc., in the sum of $24,450.00 secured by a mortgage, etc.

Final judgment was entered against the principal debtor and the garnishee. Thereafter, Miami Bank & Trust Company filed its bill in equity to enjoin the enforcement of the judgment against it as garnishee, claiming the amount of the deposit in favor of W. F. Morang & Sons Co., Inc., as an equitable setoff against the judgment.

The final decree dismissed the bill of complaint.

Appeal was taken to this Court.

One of the issues presented by the answer was the ownership of the note of W. F. Morang & Son Co., Inc., to Miami Bank & Trust Company dated March 9, 1926, for the sum of $24,450.00 and payable ninety days next after date. The answer denied that Miami Bank & Trust Company was the owner and holder of the note on the date of the service of the writ of garnishment, or at any time thereafter.

There was introduced in evidence a certain agreement made and entered into on the 19th day of June, 1926, between Miami Bank & Trust Company and the City National Bank & Trust Company of Miami, a corporation organized and doing business under an Act of Congress, relating to National Banks, under and by which Miami Bank & Trust Company set over and assigned to City National Bank & Trust Company of Miami certain property. Section 1-b of that agreement includes the following:

"All cash, bills receivable, accounts receivable, commercial paper, notes, bonds, mortgages and other securities or evidences of indebtedness, payable to or owned by and shown upon the books of the Miami Bank & Trust Company, except such of said assets of the aggregate book or face value of $900,000.00 as shall be included in a schedule to be made up by the City National Bank & Trust Company of Miami, and to be hereto attached and made a part hereof and marked 'Schedule A,' and identified by the signature of C. D. Leffler and

Clark B. Davis, but subject however, to the right of substitution of securities as hereinafter provided;"

The evidence showed that the note for $24,450.00 executed by W. F. Morang & Son Co., Inc., was delivered to City National Bank and Trust Company of Miami and was in possession of that institution. The evidence showed that no "schedule A" as provided for in the above quoted paragraph of the contract was either prepared or identified as therein provided. Therefore, it appearing that the $24,-450.00 note of W. F. Morang Sons Co., Inc., being an asset in the hands of Miami Bank & Trust Company on the 19th day of June, 1926, the Chancellor was justified in finding that it was assigned and delivered to City National Bank & Trust Company of Miami and was therefore neither owned nor held by the complainant at the date of the institution of the suit. As this finding is justified by the record, we may assume that such was the finding of the Chancellor and, therefore, we cannot say from the state of the record that the Chancellor committed error in dismissing the bill of complaint, for which reason the decree appealed from should be affirmed without discussion of other questions attempted to be raised which should be considered and discussed, were it not for the fact that it appears the decree must be affirmed because of this aspect of the case. It is so ordered.

Affirmed.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in the conclusion.