T. J. WILSON v. J. W. SAMPLE, Individually, and J. W. SAMPLE, as Trustee.

159 So. 675.
Division B.
Opinion Filed February 12, 1935.
Rehearing Denied March 16, 1935.

*Huffaker & Edwards* and *Hugh Akerman,* for Plaintiff in Error;

*George Palmer Garrett,* for Defendant in Error.

TERRELL, J.—In April, 1925, J. W. Sample executed his promissory note to Lake Marion Groves Corporation, payable on or before March 31, 1928, bearing interest at six per cent. and signed, "J. W. Sample, Trustee." The Lake Marion Groves Corporation endorsed the note to Thomas J. Arline, November 28, 1927, and prior to maturity Thomas J. Arline endorsed it without recourse to T. J. Wilson.

In June, 1928, T. J. Wilson brought this action against J. W. Sample individually, and J. W. Sample as Trustee, to enforce payment of said note. The declaration was in one count, in the usual form, and alleged that Wilson was a *bona fide* holder of said note for value and before maturity.

To the declaration sixteen pleas were filed. Issue was joined on the fifth plea and a demurrer was interposed to

the other pleas. The demurrer was overruled as to the first, sixth, eighth, tenth, twelfth, and fourteenth pleas, and was sustained as to all other pleas. The cause went to trial on the issue made by pleas one, five, six, eight, ten, twelve, and fourteen to the declaration. At the conclusion of all the testimony motion for a directed verdict in favor of the plaintiff was granted. A new trial was denied and on writ of error to this Court the judgment was reversed. Sample v. Wilson, 101 Fla. 818, 134 So. 549.

At the second trial a motion for directed verdict in behalf of the plaintiff and defendant was made at the conclusion of all the testimony. This motion was denied as to plaintiff and granted as to the defendant. Final judgment was entered and plaintiff prosecuted the instant writ of error.

The motion for directed verdict on the part of the plaintiff was overruled on authority of Sample, *et al.,* v. Wilson, *supra,* the Court stating in his order that the facts in the present and in the last mentioned case were identical. It may be safely assumed from the two records that the motion for an instructed verdict on the part of the defendant was granted because of the identity of the showing of fact in the two cases which existed in the mind of the trial court.

Counsel for both parties here agree that the law of this case is settled in Sample, *et al.,* v. Wilson, *supra.* Insofar as applicable to the case at bar we held in the last cited case that the mere addition of the words, "agent" or "trustee" to the name of the obligor without disclosing his (obligor's) principal's identity does not exempt him from personal liability on the note. We further held in that case that the holder of a promissory note is presumed to have acquired it in good faith and to be a holder in due course. This presumption, however, may be impeached and when it is and

evidence is offered to prove that the note was not acquired in good faith, the burden is then shifted to prove that he took it free from defect or infirmity.

The pleas on which the case went to trial (being the identical ones on which it was tried the first time) put in issue the ownership of the note, whether or not the note and the debt secured thereby were assigned to the plaintiff for a valuable consideration, and whether or not plaintiff acquired the note in due course, and with knowledge or notice of its alleged infirmities.

.The evidence shows that the note in question was one of a series, that the interest was past due thereon when Wilson took it, that the maker added after his signature the word, "trustee," when he executed it, that the maker's trusteeship was known to the plaintiff at the time he purchased the note, that the note was assigned to him (plaintiff) without recourse, and that when assigned to plaintiff the note was mutilated as to interest provision.

The pleas were sufficient to impeach the presumption that the note was acquired in good faith and the proof was ample to put the plaintiff on inquiry as to the alleged infirmities in the note. In this situation he cannot by refusing to make inquiry, place himself in the attitude of a holder in due course for value and in good faith. Sample v. Hundred Lakes Corporation, 107 Fla. 568, 145 So. 192.

This being the state of the case the burden was shifted to the plaintiff to prove that he took the note free from defect or infirmity. The decisive question we are importuned to answer here is whether or not he assumed that burden and if he did was the evidence of such character that it should have gone to a jury for determination or was it so conclusive that it warranted an instructed verdict for the defendant.

Much of the briefs of counsel on both sides is taken by a discussion of what we decided in Sample v. Wilson, *supra,* and Sample v. Hundred Lakes Corporation, *supra.* The net result of the contention of plaintiff in error is that whether or not the plaintiff had knowledge of the equities between the parties connected with the note and was in duty bound to make inquiry as to such equities was a question of fact for the determination of the jury.

In Sample v. Wilson and Sample v. Hundred Lakes Corporation, *supra,* this Court held that if the facts were such as to put the purchaser on inquiry as to the equities between the original parties to a note the purchaser would be bound thereby. In the case at bar we hold as we did in the last cited cases, that the facts put in issue by the pleas to the declaration were ample to put the purchaser on inquiry. Whether or not the evidence should have gone to the jury depends on its probative status.

Whether or not Wilson in fact assumed the burden imposed on him by the pleas to the declaration was a question of law, which as usual under our system of jurisprudence, grows out of the facts established. Under the rule if there are material conflicts in the evidence as to these facts they must be resolved by a jury. If not they are questions for the court.

The evidence in this case has been examined and we cannot say that it is free from conflict but such conflicts as appear do not go to the material questions presented. On consideration of the whole record we cannot say that the verdict as instructed was erroneous nor do we see how the jury could have reached any other verdict than as instructed.

No reversible error having been shown the judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.