JOSEPH FRANCESCHINI v. EULALIA MARIE LADD and PAUL O. LADD, her husband.

32 So. (2nd) 577            June Term, 1947
November 18, 1947            Division A

*James G. Pace* and *Edmund B. Sigma,* for appellant.

*Benjamin E. Carey,* for appellees.

CHAPMAN, J.:

The controlling question presented on this appeal is whether the appellant, Joseph Franceschini, was a holder in due course under the several provisions of Section 674.59, Fla. Stats, 1941 (FSA), and our decisions construing this Section, of a certain note and mortgage acquired by purchase before maturity, or did he purchase the note and mortgage with notice of infirmities within the meaning of Sections 674.61 and 674.71, supra, and our applicable decisions. The Chancellor below reviewed the evidence on final hearing and entered a decree in effect holding that the appellant purchased the note and mortgage with a knowledge of its infirmities and therefore was not in a position to enforce payment. An appeal has been perfected here.

The mortgagors (Paul O. Ladd and wife, Eulalia Marie Ladd) executed their note and mortgage in the sum of $3,000.00 payable to Claudia Homes, wife of Harold S. Homes. The note and mortgage were for the first installment on a rifle range to cost $12,000.00 to be built at Key West by Harold S. Homes and Paul O. Ladd was to be a part owner and operator after the construction was completed. The note and mortgage were assigned by Claudia Homes and husband, Harold S. Homes, to a private corporation controlled and managed by Harold S. Homes known as American Home Defense Target Range Corporation. The appellant purchased this note and mortgage from Harold S. Homes for $2,750.00. Harold S. Homes failed to carry out his agreement with Ladd for the construction of the rifle range and shortly after the sale of the note and mortgage and receipt of the money disappeared and his testimony and that of his wife Claudia Homes is not in the record.

When all the testimony and exhibits are carefully considered it cannot be said that the Chancellor erred in entering the decree challenged on this record. We find ample testimony in the record to support his findings and conclusions. See Sample v. Wilson, 101 Fla. 818, 134 So. 549.

Affirmed.

THOMAS, C. J., Terrell, and SEBRING, JJ., concur.