BENJAMIN GEISINGER, Plaintiff, *v.* SIMON J. FLAMBERG, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, September 22, 1952.

*Benjamin Geisinger,* plaintiff in person.

*Feldschuh & Goldman* for defendant.

LORETO, J. The plaintiff payee of a check added to it his stamped indorsement and mailed it to one Levitt from whose mail box it was stolen. The defendant, in the check cashing business, cashed the check on which no other indorsement appears.

It is clear that neither Levitt nor any one authorized by him presented the check to the defendant to be cashed. The plaintiff intended to pay a debt owing to Levitt with the check. Levitt was not paid by this means and the plaintiff has brought suit upon it.

The defendant asserts that he was a holder in due course because he was a holder for value and without notice that the person negotiating the instrument did not have title to it. The defendant offered no proof. He rested on the plaintiff's case which established the facts herein recited.

Section 91 of the Negotiable Instruments Law states that one is not a holder in due course unless it appears:

" 3. That he took it in good faith and for value;

" 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it ".

The question here is whether the defendant in accepting the check from the bearer had " knowledge of such facts that his action in taking the instrument amounted to bad faith ". (Negotiable Instruments Law, § 95.) If the purchaser does not act in good faith the instrument is subject to the equities between the original parties.

Prima facie the defendant as holder is deemed a holder in due course. The plaintiff established that the title of the defendant's transferor was defective. The burden of proof was thereupon shifted to the defendant as transferee to establish that he acquired title as a holder in due course. Section 98 of the act provides: " *Who deemed holder in due course.* Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course ".

The defendant offered no proof whatsoever of the identity of the person from whom he acquired the check, nor of any inquiry by him to ascertain the right of that person to negotiate the instrument. It would be reasonable to expect that one in the check cashing business, subject to license by the Banking Department of the State, would obtain the indorsement and some identification of the person presenting the check to be cashed. One would reasonably expect that this measure of precaution would be taken in the usual course of the business of cashing checks. The defendant did not attempt to explain why this was not done in this instance.

The court is constrained to find on the record of this case that the defendant is chargeable with gross negligence or willful ignorance either of which is construed to be lack of good faith. Apropos the court stated in the leading case of *Canajoharie Nat. Bank* v. *Diefendorf* (123 N. Y. 191, 202–203): " The requirement of good faith is expressed in the very term by which a holder is protected, and is fundamental in the maintenance of that character. (1 Pars. on Bills & Notes 258.) It was held in *Seybel* v. *N. C. Bank* (54 N. Y. 288) that gross negligence, though not conclusive, was evidence of bad faith, and impliedly

that a verdict of a jury based upon such evidence would be upheld. This doctrine is conceded even by the case of *Goodman* v. *Harvey* (4 Ad. & El. 870) the leading case in England in upholding the rights of the holders of commercial paper. Justice SWAYNE, in the case of *Murray* v. *Lardner* (2 Wall. 121), says: ' The rule may be said to resolve itself into a question of honesty or dishonesty, for guilty knowledge and willful ignorance alike involve the result of bad faith.' Chief Judge CHURCH said, in the case of *Dutchess Co. M. Ins. Co.* v. *Hachfield* (73 N. Y. 228), that ' bad faith is predicated upon a variety of circumstances, some of them slight in character, and others of more significance. * * * A perfectly upright, honest man might sell a bond which had been stolen, and the explanation might prevent even the taint of wrong on his part, while the explanation, although falling far short of proof of actual guilt, might leave upon the mind an apprehension that he either directly or impliedly connived at the wrong, or, at least, that he was willing to deal in securities and keep his eyes and ears closed so that he should not ascertain the real truth.''

Under the facts of this case, explanation was required of the defendant. The burden of proof fell upon him to prove that he or the person under whom he claims acquired title in due course. This he failed to establish. Therefore, the defendant will not be absolved of liability. To hold otherwise would open to rampant abuse the check cashing business and permit it to be used as a medium for the easy cashing of stolen checks.

Accordingly, the court holds that the plaintiff is entitled to judgment. Five days' stay.