HENDRY, Judge.
This is an appeal by the plaintiff from a final decree, subsequently amended, holding *53 that the plaintiff was not a holder in due course of certain Florida State Turnpike Revenue Bonds or, in the alternative, that the bonds were not negotiable.
The subject matter of this suit is ten Florida State Turnpike Authority Revenue -Bonds, Series 1955, numbered 41126 through 41135, inclusive, with a face value of $1,000.00 each. It was conclusively shown that these bearer bonds were stolen from their original owner, David S. Denner, now deceased, on or about March 11, 1956, when his home was burglarized.
The plaintiff, who subsequently acquired these bonds, filed a “Second Amended Complaint for Declaratory Decree” in which he alleged that he purchased these bearer bonds before maturity, for value, in good faith, and without notice of infirmity or defect in the title of the person negotiating them. The plaintiff sought to be declared a holder in due course of these “negotiable” bonds and further sought to have his bonds validated or to receive their face value.
The defendants alleged, in part, that the plaintiff purchased these bonds under such circumstances as to evidence bad faith, thus precluding him from being a holder in due course and subjecting him to the personal defense of theft.
The trial judge, in commendable detail and thoroughness, entered his findings of fact and conclusions of law in which he found that the plaintiff, because of the circumstances surrounding his acquiring possession of the bonds, did not occupy the position of a holder in due course as defined by § 674.54, Fla.Stat., F.S.A., or in the alternative, that the bonds were riot negotiable.
We hold that the bonds in question met all of the requirements of negotiability and were negotiable. Thus, we now turn to the question of whether the plaintiff was a holder in due course[1] and if not, was the defense of theft available so as to preclude him from recovering the bonds or their value.
It should be noted that if the plaintiff was a holder in due course, the fact that the bonds were stolen and negotiated by a thief would be no defense against plaintiff’s rights, even as against the real owner. This position has overwhelming support.
Section 674.61, Fla.Stat., F.S.A., states:
“Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.”
The language of § 674.61, Fla.Stat., F.S. A., was broadly interpreted by the case of Sample v. Wilson, 101 Fla. 818, 134 So. 549, 139 So. 144, which held as follows:
“[3] Ordinarily the presumption is that Wilson acquired the note in good faith, and, that being true, he was a holder in due course. This presumption, however, may be impeached, and when it is, and evidence is offered to prove that the note was not acquired *54 in good faith, the burden is then shifted to the holder to prove that he took it free from defect or infirmity. He must show that he came in possession of the note fairly, without any knowledge of fraud or illegality and unattended with any circumstances justly calculated to awaken suspicion.”
The above decision states that when evidence is offered of the bad faith acquisition by a holder, the burden is shifted back to such holder to prove that he is a holder in due course. It should be noted that under § 674.61, the burden would also be shifted back to the holder when it is shown that the title of any person who negotiated the instrument was defective. Under § 674.57, Fla.Stat., F.S.A., there can be no doubt that the thief’s title was defective and therefore, the evidence offered as to this theft would, in and of itself, operate to shift the burden to plaintiff to prove that he was a holder in due course.[2]
 Thus, under the facts before us, the plaintiff had the burden of proving that he was a holder in due course on the basis of both the evidence as to his bad faith acquisition and the evidence of the prior theft. We next proceed to the question of whether or not this burden was met under the facts presented.
The significant facts as found in the record can be summarized as follows: (1) plaintiff acquired these bonds from an absolute stranger whose name he could not recall; (2) plaintiff never asked the stranger his address or from what source he acquired the bonds; (3) plaintiff was in the used car business and had never dealt in bonds before; (4) the stranger entrusted one $1,000.00 bond, a “bearer” instrument freely negotiable, with plaintiff while plaintiff took it to the Riverside Bank; (5) plaintiff reached into his pocket and handed the stranger $8,000.00 in cash, with no witness present and obtaining no receipt or other evidence of payment from the stranger; (6) plaintiff, from April, 1956 to June, 1962 never cashed any of the interest coupons attached to the bonds, even though coupons in the amount of $1,787.50 had matured over that period of time, and plaintiff had, in fact, instructed the Riverside Bank not to clip any of the bonds; (7) if plaintiff had inquired of any of the paying agents listed on the bonds as to the existence of any infirmities, or if plaintiff had cashed one of the interest coupons, plaintiff could have discovered the existence of the theft.
These facts must be viewed in the light of the language in Sample v. Wilson, supra, and Sample v. Hundred Lakes Corporation, 107 Fla. 568, 145 So. 193. In the latter case, our Supreme Court stated, 145 So. at page 196:
“[4] Whether or not a negotiable note is acquired by an indorsee in due course and in good faith is a question to be determined upon the facts in each case, and it is not possible to state in a concise definition just what will constitute bad faith, or what acts of omission or commission will show the exercise of good faith. Sample v. Wilson, 101 Fla. 818, 134 So. 549, 139 So. 144. But, we take it that it can be safely said that, where the facts and circumstances made known at the time to the purchaser clearly indicate that there is some infirmity existing which would preclude the payee, or the then holder by indorsement, of the note, from successfully maintaining an action to enforce the payment thereof against the maker, he is thereby put upon inquiry as to whether or not such infirmities do exist, and, if by inquiry he could ascertain that such infirmities do exist, he could not, by refusing to make inquiry, place himself in the attitude of a holder *55 in due course, for value, and in good faith.”
In Geisenger v. Flamberg, 203 Misc. 214, 115 N.Y.S.2d 324 (N.Y.Munic.Ct.1952) it was held that the defendant, who was in •the check cashing business and cashed a stolen check in bearer form, failed to sustain the burden of proving that he was a liolder in due course. The court found in favor of the plaintiff, who was a payee and lad endorsed the check in blank, upon the following facts:
“The defendant offered no proof whatsoever of the identity of the person from whom he acquired the check, nor of any inquiry by him to ascertain the right of that person to negotiate the instrument. It would be reasonable to •expect that one in the check cashing business, subject to license by the Banking Department of the State, would obtain the endorsement and some identification of the person presenting the check to be cashed. One would reasonably expect that this measure of precaution would be taken in the usual •course of the business of cashing ■checks. The defendant did not attempt to explain why this was not done in this instance.”
On the facts of our case we conclude that the trial judge correctly determined that the plaintiff failed to sustain his burden of proving that he was a holder in due course •of the bonds in question. The plaintiff failed to meet the requirements of § 674.54(3) and (4), as elaborated upon by § 674.58, Fla.Stat., F.S.A., and interpreted by the above cited cases.
We now proceed to the question of whether the defense of theft is available against a holder not in due course. The relevant portion of § 674.60, Fla.Stat., F.S. A., reads as follows:
“In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable.”
While the maker of the bonds, Florida State Turnpike Authority, has no personal defense of its own to this action, there is no doubt that the defense of theft or larceny was available to the Estate of David S. Denner, who is a party to this action, and since its defense was asserted in the answer filed by Clara B. Denner as Executrix of the Estate of David S. Denner, such defense was proper as against the plaintiff who was a holder not in due course.
The facts conclusively established the theft of these bonds and accordingly, the trial judge correctly dismissed the plaintiff’s Second Amended Complaint, with prejudice.
The other questions presented have been considered and found to be without merit.
Affirmed.

. § 674.54, Fla.Stat., F.S.A., defines a holder in due course as follows:
“A holder in due course is a holder who has taken the instrument under the following conditions:
“(1) That it is complete and regular upon its face;
“(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
“(3) That he took it in good faith and for value;
“ (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument .or defect in the title of the person negotiating it.”

. See: McCollum v. Graber, 207 Ark. 1053, 184 S.W.2d 264; Mitchell v. Swesuik, 324 Ill.App. 314, 58 N.E.2d 186; Geisinger v. Flamberg, 203 Misc. 214, 115 N.Y.S.2d 324.