294 So.2d 369 (1974)
MODINE MANUFACTURING COMPANY, Appellant,
v.
Benjamin ISRAEL et al., Appellees.
No. 73-1011.
District Court of Appeal of Florida, Third District.
May 14, 1974.
Blackwell, Walker, Gray & Powers and Mark Hicks, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.
PEARSON, Judge.
This appeal is from judgments for the defendants after a trial before the court *370 without jury in an action for replevin. The plaintiff-appellant urges: (1) that the evidence was not sufficient to support the finding that the appellees had the right of possession, and (2) that the money judgments were erroneous in that the amount assessed as the value of the property is not supported by the record. We affirm upon the first point and reverse upon the second.
The plaintiff-appellant was the seller of the goods sought to be replevied. There was evidence before the court upon which the court determined that the goods were sold upon credit and that the agreed period for payment had not expired. In addition, there was evidence of a long established course of dealings between the parties in which a period for payment was allowed. There is no doubt that appellant had a security interest in the goods; nevertheless, the evidence supports a finding by the trial court that appellees were entitled to possession at the time the suit was instituted. The court determined from the evidence that the appellant simply became worried about the deal and attempted to regain possession of the goods before payment was due. This court will not reverse a finding of the trier of fact if the finding is supported by any reasonable view of the evidence. See Miami Bank & Trust Co. v. Frank T. Budge Co., 107 Fla. 581, 145 So. 192 (1933).
The award of $39,805.65 to ABC and $6,773.41 to Blizzard, which represents the value of the goods at the time that they were replevied, cannot be sustained since neither appellee has ever paid for the goods. The record shows that each of the defendants has elected to take the money judgment.
Fla. Stat. § 78.21, F.S.A. provides that when property replevied has not been redelivered to the defendant, and he ultimately prevails, judgment shall be entered in his favor for possession and for,
"... the value of the property and costs in the same manner as provided in § 78.19 for judgment in favor of plaintiff."
Fla. Stat. § 78.19 provides that where goods are redelivered to the defendant, and the plaintiff prevails, he is entitled to a judgment for possession and for the value of the property. However, the granting of a judgment for the value of the property is qualified by the statutory requirement that where,
"... plaintiff's interest in the property is based on a claim of lien or some special interest therein, the judgment shall be only for the amount of the lien or the value of such special interest ...". Fla. Stat. § 78.19(1) [Emphasis supplied]
Consequently, since Fla. Stat. § 78.21 provides that the determination of the judgment for value in favor of the defendant shall be made in the same manner as for the plaintiff, the defendant's award is also thereby qualified by the requirement in Fla. Stat. § 78.19(1) that it be only for the amount of his special interest in the goods. See State ex rel. O'Hara v. Justice, Fla. 1959, 109 So.2d 761. See also Lazzari v. Gordon, Fla.App. 1968, 214 So.2d 102.
The judgment appealed is affirmed in part and reversed in part and the cause is remanded for a trial to determine the value of the defendants' special equity in the goods replevied.
Affirmed in part and reversed in part and remanded.