303 So.2d 375 (1974)
Harold VERNON, Appellant,
v.
G. D. YANKS, Appellee.
No. 74-631.
District Court of Appeal of Florida, Third District.
November 19, 1974.
Rehearing Denied December 11, 1974.
Snyder, Young, Stern & Tannenbaum, North Miami Beach, for appellant.
Caidin, Rothenberg, Kogan, Kornblum & Benjamin, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an adverse final judgment for $3,500 plus interest *376 entered in favor of the plaintiff-appellee.
Defendant-appellant, Harold Vernon, executed two promissory notes by personally signing on the signature line thereof over the name of "Trans Plains General Insurance Agency". Each note, dated August 5, 1969, was in the sum of $1,750 and payable to the order of Harold Vernon at Lubbock National Bank, Lubbock, Texas, in four months after the date thereof. Sometime thereafter, plaintiff-appellee Yanks received a telephone call from one Joel Lee who had possession of these two notes. At Lee's request, Yanks consented to get the two notes, which were endorsed by defendant Vernon, discounted at his (Yanks') bank. Lee had the notes delivered to Yanks who took them to the Riverside Bank. At the bank's instruction, Yanks endorsed the notes and in exchange therefor the bank gave Yanks $3,400 which plaintiff Yanks then sent directly to Joel Lee. The Riverside Bank presented the notes for payment upon their maturity. However, the notes were dishonored. Thereupon, the bank sued Yanks and recovered. Thereafter, Yanks, contending he (Yanks) was a holder in due course, filed a complaint against the defendant Harold Vernon who Yanks alleged was the maker of the two notes. Yanks then filed an amended complaint alleging Trans Plains Insurance Agency to be the maker of the subject notes and predicating defendant Vernon's liability on the fact that defendant was the endorser thereof. Defendant's motion for summary judgment as to this amended complaint was granted thereby precluding Yanks from recovering on the endorser theory. Nevertheless, Yanks was granted leave to amend his complaint. Plaintiff Yanks then filed a second amended complaint and alleged therein that defendant Vernon was the maker of the subject notes and that he (Yanks) was the holder in due course (as plaintiff had alleged in his first complaint). The cause proceeded to a non-jury trial at the conclusion of which the trial judge entered judgment in favor of plaintiff-appellee Yanks for $3,500 plus interest. Defendant Vernon appeals therefrom.
On appeal, defendant-appellant basically argues that plaintiff Yanks cannot be considered a holder in due course because he did not take the subject notes for value as required by § 673.3-302, Fla. Stat., F.S.A. and therefore at most plaintiff Yanks is a holder and is subject to all valid claims and defenses.[1]
The question of whether a holder of a note is a holder in due course becomes one of fact to be determined by the trier of the facts if clearly put in issue. Sample v. Wilson, 101 Fla. 818, 134 So. 549 (1931). The trial judge, sitting as the trier of the facts in the case sub judice, determined that plaintiff was a holder in due course and we will not disturb this determination upon appeal.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.
NOTES
[1] Defendant Vernon at the trial presented testimony that he intended to purchase with the subject notes free trading stock and conveyed this intent to the seller. However, the only type of stock he (Vernon) received was restricted and accordingly there was a failure of consideration in this transaction giving defendant Vernon as against the seller a valid claim which plaintiff Yanks, if he was a mere holder, would take subject thereto and thereby would be barred from recovery.