336 So.2d 444 (1976)
A.B.G. INVESTMENT, INC., Appellant,
v.
J. Sinclair SELDEN, Jr., and United Mortgage Corporation, Appellees.
No. 75-1635.
District Court of Appeal of Florida, Fourth District.
August 13, 1976.
James R. Monroe and Arthur R. Louv of Young, Turnbull & Linscott, P.A., Orlando, for appellant.
Monroe E. McDonald, Orlando, for appellee, J. Sinclair Selden, Jr.
DURANT, Jr., N. JOSEPH, Associate Judge.
*445 A.B.G. Investment, Inc., defendant in an action on a promissory note, appeals from a summary final judgment awarding plaintiff-appellee Selden $50,000 principal, $14,097.22 interest, $55.10 costs, and $6,000 attorneys fees.
On November 16, 1972, appellant executed a $65,000 note (at a rate of 10% interest per year) payable on demand to the order of United Mortgage Corporation. On the same day appellant paid United Mortgage $15,000.
On March 13, 1973, Selden received the note in return for a $50,000 check he made payable to the order of E.C. Maitland.
On November 8, 1974, Selden filed a complaint against appellant alleging: appellant executed the note and delivered it to United. United endorsed the note and delivered it to Selden. Appellant failed to pay the note upon demand. Appellant owes Selden $50,000 plus interest from November 16, 1972, and attorney fees.
Appellant's answer admitted execution of the note and failure to pay on demand. It denied any liability on the note. As affirmative defense the answer alleged fraud on the part of United Mortgage and failure of consideration.
On April 11, 1975, Selden filed a motion for summary judgment alleging he was entitled to judgment under § 673.3-305, F.S., because he took the note free of appellant's attempted defenses.
On May 23, 1975, Selden filed an amended complaint alleging appellant's execution and delivery of the note to United Mortgage and appellant's failure to pay the note on demand. In addition, the amended complaint alleged:
"3. On March 13, 1973, for a consideration of $50,000, Plaintiff purchased the said instrument in good faith for full value and without notice of any defects or defenses the maker might have and while the said instrument was not in default. By virtue of these facts, Plaintiff is a holder in due course for value and is entitled to the benefits of the laws in such cases made and provided."
Appellant's amended answer denied any liability and denied paragraph three of the amended complaint. It also set forth United Mortgage's fraud and lack of consideration as affirmative defenses. In addition it alleged affirmatively:
"2. That Plaintiff had a duty of inquiring as to the validity of the promissory note since Plaintiff was informed that the note was given for services to be performed by United Mortgage Corporation for A.B.G. INVESTMENT, INC. and/or Plaintiff was a stockholder in United Management Corporation, an affiliated corporation of United Mortgage Corporation, and/or Plaintiff allegedly made payment of $50,000 for the promissory note to E.C. Maitland and not to the alleged transferor, United Mortgage Corporation."
* * * * * *
"4. That the promissory note was expressly conditioned upon services to be performed by United Mortgage Corporation for Defendant, A.B.G. Investment Inc., and Plaintiff knew of said express condition prior to obtaining said note. The note, therefore, is conditioned and not negotiable. Plaintiff cannot be a holder in due course. United Mortgage Corporation failed to perform said services for Defendant, A.B.G. INVESTMENT, INC.
"5. That the Plaintiff, J. SINCLAIR SELDEN, JR., took the promissory note more than three (3) months after its issue, which is an unreasonable length of time after its issue. Plaintiff is not a holder in due course since he had notice that the note was overdue."
After a hearing the trial court granted Selden's motion for summary judgment.
Appellant contends that summary judgment should not have been rendered because the depositions, admissions and interrogatories disclose a controversy of material fact whether appellee took the note in good faith and without notice that the instrument was, in whole or in part, voidable, and/or otherwise subject to a defense of *446 failure of consideration. We agree with appellant's contention and must, therefore, reverse the judgment appealed from.
It is the burden of the moving party to show conclusively that a genuine issue of a material fact does not exist before a summary judgment should be entered, and it should be further shown that the moving party is entitled to judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
The question of whether the holder of a note is a holder in due course becomes one of fact to be determined by the trier of the facts if clearly put in issue. Vernon v. Yanks, 303 So.2d 375 (Fla.App. 3, 1974). In this case, the pleadings and the depositions of appellee Selden clearly put in issue whether Selden was in fact a holder in due course. Accordingly, the judgment for appellee Selden is reversed and this cause is remanded for further proceedings.
MAGER, C.J., and ALDERMAN, J., concur.