DAUKSCH, Judge.
This is an appeal from a summary judgment entered against the Appellants in a *766 suit brought by the Appellee to recover a real estate commission.
The Perrins, as sellers, and Sam Kaye, Inc., as real estate broker, entered into an exclusive listing agreement. In return for the Appellee’s promise to use its best efforts to find a buyer the Appellants agreed to list their home exclusively with the Ap-pellee for three months and thereafter until revoked by ten days’ written notice.
It is alleged Appellants executed an exclusive right of sale with another broker prior to the effective revocation of the exclusive listing agreement with the Appellee. The property was sold thru the second broker and the Appellee sued for its commission.
In their answer, the Appellants denied the statement in the complaint that the Appellee used its best efforts to find a buyer and otherwise performed all the conditions of the exclusive listing agreement. Appellee moved for summary judgment without offering any affidavits in support of its allegation of full performance. The trial court granted the motion and judgment was entered against the Appellants. Since factual question of failure of consideration remains the trial court was precluded from the entry of the summary judgment and erred in doing so. A.B.G. Investment, Inc. v. Selden, Jr., 336 So.2d 444 (Fla. 4th DCA 1976); Cook v. Martin, 330 So.2d 498 (Fla. 4th DCA 1976).
REVERSED and REMANDED.
ALDERMAN, J., concurs.
LETTS, J., concurs specially, with opinion.