490 So.2d 1047 (1986)
Ramon ALARCON and Teresa Alarcon, Appellants/Cross Appellees,
v.
Bruno FERRARI, Appellee/Cross Appellant.
No. 85-2721.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Rehearing Denied July 29, 1986.
Haley, Sinagra & Perez and Jeffrey A. Trinz, Miami, for appellants/cross appellees.
Battisti & Battisti and A.N. Spence, Coral Gables, for appellee/cross appellant.
*1048 Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal and cross appeal from an order granting a motion for new trial for the defendant [Bruno Ferrari] in a suit to collect on a $50,000 check which was given as collateral on a loan made by the plaintiffs [Ramon and Teresa Alarcon] to a third party [Tucapel Salinas]. The check in question was made out by the defendant Ferrari to the third party Salinas, who, in turn, endorsed the check, and gave it to the plaintiffs Alarcon as collateral for the loan in question. We reverse on the cross appeal of the defendant Ferrari  thereby making the main appeal moot  and remand with directions that judgment be entered in favor of the defendant Ferrari in accord with the latter's motion for directed verdict. We reach this result based on the following briefly stated legal analysis.
First, the plaintiffs Alarcon concede on this appeal that they are not holders in due course of the check in this cause. It appears that, under the circumstances, the plaintiffs herein should have been on notice as to the need for further inquiry regarding the validity of the check. See §§ 673.302(1)(c), 673.304(3)(c), Fla. Stat. (1983); J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code 565 (2d ed. 1980). This being so, the said plaintiffs stand in the shoes of the third party Salinas, to whom the said check was made out, and acquire no greater rights against the defendant Ferrari than Salinas would have had against Ferrari in collecting on the said check. Indeed, the cause was tried below on that theory. Second, the evidence was uncontradicted at trial that (a) the said check was foolishly made out in blank by the defendant Ferrari and given to the third party Salinas for no consideration, and (b) Salinas filled in the amount of the said check, endorsed it, and used it as collateral to obtain a loan from the plaintiffs Alarcon. This being so, Salinas could not collect on the said check against the defendant Ferrari as the check was given for no consideration. United States v. Second National Bank of North Miami, 502 F.2d 535, 546 (5th Cir.1974), cert. denied, 421 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777 (1975); § 673.306(3), Fla. Stat. (1983); J. White and R. Summers, supra, 575-76. Therefore, plaintiffs Alarcon, who stand in the shoes of Salinas, cannot collect on the said check against the defendant Ferrari.
The order under review is reversed and the cause is remanded with directions that judgment be entered in favor of the defendant Ferrari in the cause below.
Reversed.