BARKDULL, Judge.
The appellee instituted a suit to collect against the appellant as an accommodation-endorser on a $400,000 note and to recover a $25,000 loan not evidenced by a note. The trial court, after the case was set for trial, on the eve of trial, entered a summary judgment in favor of the plaintiff as to both claims, plus awarded attorney’s fees under the note claim. Procedurally we would reverse as to both claims because no notice or motion was made in regard to the summary judgment. Gold v. El Camino Mortgage Corporation, 491 So.2d 322 (Fla. 3d DCA 1986); Fruhmorgen v. Watson, 490 So.2d 1032 (Fla. 2d DCA 1986); Lazar v. Allen, 347 So.2d 457 (Fla. 2d DCA 1977); Rule 1.510 Florida Rules of Civil Procedure.
*308 We would also reverse on the merits as to the claims under the promissory note for $400,000 against the appellant as an accommodation-endorser because it appears from the record that there are two material issues of fact. First, there is a question of agency as to one Stuart Gildred who was listed as a payee on this note. A.B.G. Investment, Inc. v. Selden, 336 So.2d 444 (Fla. 4th DCA 1976); Vernon v. Yanks, 303 So.2d 375 (Fla. 3d DCA 1974); Courtesy Financial Services, Inc. v. Hughes, 424 So.2d 1172 (La.Ct.App.1982); Dobbs-Maynard Company, Inc. v. Jumper, 388 So.2d 879 (Miss.1980); cf. Alarcan v. Ferrari, 490 So.2d 1047 (Fla. 3d DCA 1986). Second, there is an issue of material fact as to who was being accommodated when the appellant fixed her name to the note subsequent to the maker’s death, subsequent to the maturity of the note, and admittedly at the request of the plaintiff. Dobrow v. Bryant, 427 So.2d 809 (Fla. 5th DCA 1983); Gehrig v. Ray, 332 So.2d 703 (Fla. 1st DCA 1976).
Therefore, for the reasons above stated, the summary judgment and attorney’s fees and costs awarded on the claim under the $400,000 note are reversed. We do not reverse the final summary judgment for $25,000, as any objection to this ruling has been waived in this court and this portion of the final summary judgment is affirmed.
Affirmed in part, reversed in part.