PER CURIAM.
This is an appeal by Liffort and Leisha Hobley from a non-final order granting the appellee Helmar Metz summary judgment on the issue of whether the appellee is a holder in due course of a promissory note. We reverse.
This Court has jurisdiction, under Rule 9.130(a)(3)(iv) of the Florida Rules of Appellate Procedure, to review this interlocutory order finding the appellee a holder in due course. The order did not reserve jurisdiction to determine the question of liability, and only recited reservation to determine the amount due under the note, including interest and costs, against the appellants. This language clearly determined that the appellants have the legal obligation to make the payments in question, and completely precluded all of their potential defenses to the appellee’s claims under the note. It follows that we have Rule 9.130 jurisdiction to review a non-final order that completely determines liability of a party seeking affirmative relief.
As the party claiming to be a holder in due course, the appellee has the burden to establish that he fulfilled each of the statutory requirements necessary to be a holder in due course.[1] Seinfeld v. Commercial Bank and Trust Co., 405 So.2d 1039, 1041 (Fla. 3d DCA 1981). The pleadings and record disclose a genuine dispute of fact whether or not the appellee took the assignment of the promissory note without knowledge or notice that the instrument was in default or *626 subject to various defenses.[2] See e.g., A.B.G. Investment, Inc. v. Selden, 336 So.2d 444, 445-46 (Fla. 4th DCA 1976).
Accordingly, we reverse and remand for a jury trial.

.Section 673.3021, Florida Statutes (Supp.1992) provides in part:
Holder in Due Course.
(1) ... [T]he term “holder in due course" means the holder of an instrument if:
(b) The holder took the instrument:
1. For value;
2. In good faith;
3.Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument ...
6. Without notice that any party has a defense or claim in recoupment described in § 673.3051(1).

. Section 673.3081(2), Florida Statutes (Supp. 1992), provides in part:
... a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under § 673.-3011, unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim, (emphasis added).